SOMERVILLE, J.
 

 Plaintiff sues defendant in statutory ejectment and the court, sitting without a jury, rendered a judgment for plaintiff.
 

 [1]'
 
 After showing that one Daniel Baker, defendant’s husband, was the owner of the lot sued for, plaintiff introduced in evidence a mortgage to himself on this lot from said Baker, and also a foreclosure deed under the mortgage. These conveyances are not set out in the hill of exceptions, nor is there any showing as to their stipulations and recitals, except that the mortgage note was for $225. Whether defendant’s objections to tbeir introduction in evidence were well taken it is impossible to determine.
 

 [2]
 
 The defense seems to have been that the mortgage debt was paid before the foreclosure hy plaintiff’s reception of rents collected from the mortgaged property. But not only is the date of the foreclosure not shown, but the bill of exceptions does not purport to contain all the evidence adduced on the trial. We cannot, therefore, pronounce the judgment erroneous.
 

 [3]
 
 The trial judge erroneously allowed plaintiff to testify to an agreement he had made with Daniel Baker, now deceased, authorizing him to apply the rents from the mortgaged place to Baker’s general account. But the same testimony was given several times previously without objection from defendant, and the fact would have remained in evidence regardless of the rulings complained of.
 

 But, in any view of the case, the condition of the bill of exceptions does not enable us to discover error in the judgment.
 

 Affirmed.
 

 ANDERSON, O. J., and MAYFIELD and THOMAS, JJ., concur.