34 So.2d 8

**WOLFE et al. v. WOLFE.**

6 Div. 666.

Supreme Court of Alabama.

Feb. 19, 1948.

224

Ellis, Lindbergh & Ellis, of Birmingham, for appellee.

Hugh A. Locke, of Birmingham, for appellants.

STAKELY, Justice.

William Wolfe and James Wolfe, six years of age and four years of age respectively are the children of Hampton Wolfe and Louise Wolfe. H. L. Wolfe and Annie Wolfe are the parents of Hampton Wolfe. This suit, which is a habeas corpus proceeding, was instituted by Louise Wolfe against Hampton Wolfe, H. L. Wolfe and Annie Wolfe for the custody of the two children. The court awarded "the care, custody and control" of the children to Louise Wolfe, their mother, with the right of the father to visit the children at reasonable times. It was further decreed by the court that from 4:30 p. m. of each Friday until 8:30 a. m. each Sunday, the

father is allowed the custody of the children, he to be responsible for receiving them from and delivering them to the mother. This appeal is from the foregoing decree.

We have considered this record with great care as we feel a deep sense of responsibility for these two little boys. Since both father and mother appear to be of good character and seem to love their children, it may not be out of place to hope that their differences may be reconciled and their home established again.

■ Cases of this kind present difficulties because there is something to be said in favor of each side, while on the contrary some fault may be laid at the door of each party. On the whole, however, we cannot overlook mother love, especially where the children are of tender years. Fort v. Fort, 246 Ala. 83, 18 So.2d 870. There is no need to parade here the sequence of unfortunate events which led to the misunderstanding and estrangement between this young couple. James v. James, 242 Ala. 140, 5 So.2d 616. She is 28 and he is 29 years of age. So far as this record shows neither did anything which constitutes a ground for divorce or shows moral turpitude. They just did not seem to be able to adjust themselves in their marital status after he came back from military service. The primary consideration is, of course, the best interests of the children. Blankenship v. Blankenship, 248 Ala. 489, 28 So.2d 409; McLellan v. McLellan, 221 Ala. 363, 129 So. 1. The financial ability of the mother to provide a home for her children with the allowance made by the court, does not appear to be questioned.

The immediate occasion for taking the children away from the home where he resided with his wife and children and turning them over to his mother and father was the punishment administered by the mother to the eldest child when she discovered that without her knowledge or consent he had taken some change from her pocketbook and spent it at the store on the corner. She switched the child perhaps too severely and this might have been occasioned by the nervous condition into which she had fallen. Under the circumstances, however, it can hardly be said that punishment in some degree was not due and should not have been administered.

■ The court heard the witnesses testify orally in open court. The court decided that under all the circumstances the mother was entitled to the custody of the children with rights of visitation, etc., in the father as hereinabove outlined. We have often pointed out that in a situation of this kind the trial court has a means of observation which we cannot have on the written record, and for this reason, we will not change the ruling of the trial court unless it is palpably wrong. Sills v. Sills, 246 Ala. 165, 19 So.2d 521. The opinion and decree of the lower court shows that this matter was given careful and thoughtful attention.

The petition alleges that petitioner is a fit and proper person to have the care, custody and control of the children and that it would be for the best interests of the children for them to be awarded to petitioner. The petition also alleges that the respondent Hampton Wolfe "has made many requests for divorce from petitioner, including according to her information and belief consultation with one or more attorneys in Birmingham, in an effort to secure a divorce." The petition also alleges that "on towit August 22, 1947, the respondent Hampton M. Wolfe, took her two infant children and delivered them into the custody of his parents, the respondents H. L. Wolfe and Annie Wolfe, and informed your petitioner he was going to keep the children away a few days. The next day he informed petitioner that he was going to keep the children and was not going to bring them home." The petition further alleges "that immediately thereafter your petitioner went to the home of the respondent and asked respondent H. L. Wolfe to allow her to see the children and he refused at first but later allowed her merely to see the children while he remained present after her earnest plea and supplication."

■ Habeas corpus is a method of procedure which has been approved by this court in cases of the kind before us. Thomas v. Thomas, 212 Ala. 85, 101 So. 738. Nicety of pleading in petitions of this kind is not required and we consider

that enough has been alleged in the petition to show that the welfare of the children requires an order in respect to their custody. Bridges v. Bridges, 227 Ala. 144, 148 So. 816.

We think the decree of the court is due to be affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.