Purcell L. SMITH, Appellant,

v.

Elizabeth W. SMITH, Appellee.

No. 15974.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 2, 1961.
Decided Feb. 23, 1961.

Mr. Justin L. Edgerton, Washington, D. C., for appellant.

Mr. Jo V. Morgan, Jr., Washington, D. C., for appellee.

Before PRETTYMAN, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

The facts in this case are not in dispute. The record shows, among other things, that on April 26, 1949, while the parties hereto were husband and wife, they executed a separation agreement in settlement of all mutual property rights, custody of their children, and all rights of the wife and children as to alimony, maintenance and support. With respect to maintenance of the wife, the agreement provided as follows:

"5. The Husband agrees to make the following payments to the Wife:

"(a) For her separate support and maintenance and for her separate use and benefit until his or her death, or her remarriage * * * Ten Thousand Dollars ($10,000) per annum * * *."

The agreement further provided:

"8. In the event that their marriage shall be dissolved, or their status of Husband and Wife terminated by proper judicial proceedings * * * this Agreement shall not be affected thereby but shall remain in full force and effect and the consideration mentioned herein shall be in full satisfaction and discharge of alimony and other claims * * * which might or could be made by the Wife against the Husband. * * * In the event of the granting of any divorce, this Agreement shall be submitted to the Court for consideration, ratification and approval and in the event of such approval said Court shall be requested to include in its decree its direction and order to the respective parties * * * to perform each and every term and provision contained in this Agreement * * *."

With respect to modification of the agreement, it was provided:

"9. * * * No modification * * * of any of the terms of this Agreement shall be valid unless in writing and executed with the same formality as this Agreement * *."

At the time the agreement was executed, the husband was employed at an annual salary of $65,000.

On February 22, 1950, the husband filed suit in the Circuit Court of the Eleventh Judicial Circuit of Florida (Dade County), seeking an absolute divorce. The wife entered a special appearance and asserted that the husband was not a *bona fide* resident or domiciliary of Florida. When this issue was decided adversely to her, she appealed unsuccessfully to the Supreme Court of that state. She then entered a general appearance and vigorously defended the action on the merits. In this too she was unsuccessful and, on January 15, 1951, an absolute divorce was granted by the Circuit Court. The decree granting the divorce provided, among other things, as follows:

"It Is Further Ordered, Adjudged and Decreed, that the property settlement agreement of the parties entered into on April 26, 1949 * * * be and the same is hereby approved *and made a part of this final decree.*" [Emphasis supplied.]

On April 30, 1956, the husband's employment was involuntarily terminated, and he sought his former wife's consent to reduction of the annual payments provided in the agreement and the divorce decree. When this effort was unsuccessful, the husband filed a petition in the Florida court for modification of its final decree and for reduction of the $10,000 annual alimony. The Florida court which granted the divorce derives its power to modify its alimony decrees from § 65.15, Florida Statutes, F.S.A., which reads in pertinent part as follows:

"§ 65.15. *Modification, alimony decrees, agreements, etc.*—Whenever any husband and wife heretofore, or hereafter, shall have entered into any agreement providing for the payments for, or in lieu of, separate support, maintenance or alimony, whether in connection with any action for divorce or separate

maintenance, or with any voluntary property settlement * * * and * * * the financial ability of the husband shall have been changed since the execution of such agreement, or the rendition of such [divorce] decree, either party may apply to the circuit court of the circuit in which * * * such decree shall have been rendered, for an order and judgment decreasing or increasing the amount of such separate support, maintenance or alimony, and the court, after giving both parties an opportunity to be heard * * * shall make such order and judgment as justice and equity shall require * * * decreasing or increasing or confirming the amount of separate support, maintenance or alimony provided for in such agreement, or in such decree.

"Thereafter the husband shall pay and be liable to pay the amount * * * directed in such order and judgment, and no other or further amount, and such agreement, or such decree, for the purpose of all actions or proceedings of every nature and wherever instituted, whether within or without this state, shall be deemed to be, and shall be, modified accordingly, and it shall be unlawful to commence, or cause to be commenced as party, or attorney, or agent, or otherwise, in behalf of either party in any court any action or proceeding otherwise than as herein provided, nor shall any court have jurisdiction to entertain any action or proceeding otherwise than as herein provided to enforce the recovery of separate support, maintenance or alimony otherwise than pursuant to such order and judgment.

"This section is declaratory of existing public policy and laws of this state * * * and it shall be the duty of the judges of the circuit courts of this state to construe liberally the provisions hereof in order to effect the objects and purposes hereof and the public policy of the state as hereby declared."

The case was referred to a Special Master, in accordance with Florida practice, and the wife entered a general appearance and vigorously contested the proposed modification. The Master recommended that the alimony payments be reduced to $400 per month, commencing January 21, 1957. The wife filed exceptions to the Master's report, including the following:

"7. The master erred in denying the motion of the defendant to the effect that the proceeding before the court was one based on a contract, the provisions of which would have to be adhered to and no relief could be granted thereunder owing to the fact that no calendar year, which is provided for under the contract, had elapsed, and owing to the further fact that the contract itself provides that no alteration may be made in the agreement except that the same be in writing."

The Florida court adopted the Master's report and entered an order of modification reducing the alimony provided in its final decree of divorce to the amount recommended by the Master. The husband made the $400 monthly payments regularly.

On January 9, 1959, his former wife filed suit in the United States District Court for the District of Columbia to recover the difference between the amount called for in the agreement and the monthly payments as provided by the Florida decree. In addition, she sought reimbursement for certain insurance premiums and tax payments embraced in the original agreement.

On cross-motions for summary judgment, the District Court granted the motion of the plaintiff wife and denied that of the defendant husband. The court held that the agreement had not merged into the original divorce decree and that ratification of the agreement by the Florida court was simply a step

**154**

permitting that court to apply its contempt sanctions to enforce compliance. The District Court treated the action before it as based on the agreement itself and as an action for breach of contract. This appeal followed.

Plaintiff urges that, if the Florida court did modify the agreement under § 65.15 of the Florida Statutes, F.S.A., a serious constitutional question will be raised because the contract was not executed in that state and neither party to the contract was a resident or domiciliary of that state, either at the time of the execution of the contract or at the time of its purported modification.

█ We think that the Florida court determined the question of whether the agreement was made by that court part of its divorce decree, and therefore subject to modification by it, or whether the agreement was not part of the decree and so the modification related only to sanctions to be applied by the court. Plaintiff's seventh exception to the Master's report, quoted supra, clearly shows that that question was raised in the Florida court and that it was determined adversely to her. Under the doctrine of *res judicata*, plaintiff can not be permitted to relitigate that precise issue in the District Court here; she is bound by the Florida determination that the agreement itself was modified.

█ Nor may plaintiff raise the asserted constitutional issue for the first time in the District Court as a method of collaterally attacking the Florida decree. The full faith and credit clause of the Constitution of the United States, art. 4, § 1, requires that the courts here give the decree exactly the same force and effect that it has in the state where it was rendered. Fauntleroy v. Lum, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039 (1908). It is clear that under Florida law *res judicata* bars litigation of issues which might have been raised in a prior suit between identical parties and involving the same cause of action. Miami Retreat Foundation v. Ervin, 62 So.2d 748 (Sup.Ct. of Fla.1953); Peck-

ham v. Family Loan Co., 196 F.2d 838 (5th Cir.1952). Such is the general rule.

It accordingly follows that the judgment of the District Court must be reversed.

Reversed and remanded for further proceedings not inconsistent with this opinion.