296 So.2d 918

**Kenneth Wayne GRAY**

v.

**DEPARTMENT OF PENSIONS AND SECURITY.**

**Civ. 364.**

Court of Civil Appeals of Alabama.

June 28, 1974.

Smith & Smith, Dothan, for appellant.

William J. Baxley, Atty. Gen., Mary Lee Stapp and Jamie L. Pettigrew, Asst. Attys. Gen., for appellee.

WRIGHT, Presiding Judge.

This appeal concerning the custody of two minor children is from the denial of a petition for writ of habeas corpus to the Houston County Department of Pensions and Security filed by the father of the children.

Kenneth Wayne Gray and Victoria Dean Gray were husband and wife in July, 1973, when Mrs. Gray abandoned the two children with a baby sitter. Mr. Gray obtained the children and took them to his residence in Florida. He filed for divorce in the Circuit Court of Bradford County, Florida. The wife received notice of the petition for divorce by registered mail. On July 18, 1973, Gray was granted temporary custody of the children. Although his petition for writ of habeas corpus states that a copy of this order is attached, it does not appear in the record before this court.

Sometime in August or September, Mr. and Mrs. Gray resumed living together at the husband's residence in Florida and at some point appellant-husband told his attorney not to go ahead with the divorce but not to drop it either. He wanted to see if they would get along together or separate again. Mrs. Gray stated that appellant told her he was dropping the suit when they resumed cohabitation.

On November, 1973, the day after Thanksgiving, Mrs. Gray left her husband taking the two children with her to Alabama. Experiencing financial problems she sought aid from the Houston County Department of Pensions and Security and signed an agreement for boarding home care permitting the children to be placed in a foster home.

On January 15, 1974, the marriage of Kenneth Wayne Gray and Victoria Dean Gray was dissolved by the Circuit Court of Bradford County, Florida, on the grounds that the marriage was irretrievably broken. The decree was granted upon the original petition filed in July, 1973. In its decree the court reserved ruling on the matter of custody of the children and directed the husband to make a diligent effort to locate them. If able to locate them he was also directed to report the condition in which he found them to his attorney who would in turn furnish that information to the court.

According to the testimony of appellant, he did as the court directed and discovered that the children were in the custody of the Houston County Department of Pensions and Security. He made this information known to his attorney and on February 20, 1974, an additional order was issued in which the court found that the children were within the jurisdiction of the court at the time of the petition for dissolution and at the time temporary custody was awarded to appellant, and that the mother had surreptitiously removed the children beyond the jurisdiction of the court. The order granted permanent custody to appellant subject to visitation rights of the mother and specifically enjoined her from removing the children from the State of Florida.

On February 26, 1974, in response to a petition by the Department of Pensions and Security, the Juvenile Division of the

Houston County Court placed the children in the custody of the Houston County Department of Pensions and Security *pendente lite*. After hearing on this petition, the court by order of March 14, 1974, continued custody in the Department of Pensions and Security until hearing on appellant's petition for writ of habeas corpus which was filed on March 5, 1974.

At the hearing in the instant case, copies of the Florida decrees dissolving the marriage and granting custody of the children to appellant were introduced into evidence. The attorney for the Department of Pensions and Security pointed out that the decrees were not properly authenticated because they did not have a certificate of a judge of the court that the attestation was in proper form as required by 28 U.S.C.A. § 1738. However, he specifically stated that he did not object to them.

Both the father and mother testified and there was a stipulation by the Department of Pensions and Security that both father and mother were fit and proper persons to have custody. The Department stated that it was willing and ready to turn the children over to either or both parents.

Counsel for appellant offered to present evidence as to the relative fitness of the mother and father for custody but the trial judge took the position that to do so would be allowing appellant to impeach the stipulation of the Department of Pensions and Security. He concluded that the only issue was whether the Department of Pensions and Security was holding the children illegally, or stated differently—Did appellant have a superior right to the children by virtue of the Florida decree than the Department of Pensions and Security under the boarding home agreement?

■ Appellant's first assignment of error is that the trial judge erred in not granting full faith and credit to the Florida decree. We are fully aware of the principle that where a foreign court has rightfully assumed jurisdiction over minor children, Alabama courts, as a matter of comity, may refuse to deal with the question of their future welfare. State v. Black, 239 Ala. 644, 196 So. 713; Burns v. Shapley, 16 Ala.App. 297, 77 So. 447.

■ However, it is settled that where a child is physically present within the jurisdiction of an equity court of this state, such court has inherent authority to act to protect the welfare and best interest of such child. Arnold v. Arnold, 246 Ala. 86, 18 So.2d 730; Harris v. Harris, 251 Ala. 687, 39 So.2d 232. Any pleading which shows on its face that the welfare of a child requires an order with respect to its custody or support is sufficient to invoke the jurisdiction of the court. Ex parte Buck, 292 Ala. 689, 287 So.2d 441. Habeas corpus is an appropriate petition. Wolfe v. Wolfe, 250 Ala. 223, 34 So.2d 8; Lawrence v. Sawyer, 250 Ala. 577, 35 So.2d 207.

■ It was held in People of State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133, that decrees of the State of Florida fixing custody of children are not res judicata either in Florida or elsewhere, except as to the facts before the court at the time of the decree. Thus they are not subject to the Full Faith and Credit Clause of the United States Constitution. If the state in which a decree of custody is entered has the power to modify, such decree may change it, it is not conclusive. The court of a sister state, having the children involved in that decree before it upon proper petition, has as much right to alter or modify the decree as does the state where it was rendered.

■ In the instant case, the Court of Houston County had not only the children and the parties before it, the protection of the court for the children had already been invoked in another action. The children were wards of the state by order of the Juvenile Court. It appeared that neither parent testified before the Florida court as to the best interest of the children, nor as to their relative fitness as custodians at the

time of the decree awarding appellant custody. The mother did not appear at all.

It is unnecessary to determine if the court below was correct in finding that the decree in Florida was obtained by fraud, as it was not required to give it either full faith and credit or comity. To do so, would be to invalidate the entire Florida decree in Alabama, including the granting of the divorce. Such action would invalidate the remarriage of the mother, the former Mrs. Gray.

We do find that the trial court erred in dismissing the petition for habeas corpus without permitting testimony as to proper custody of the children as between appellant and the Department of Pensions and Security. This error was assigned and is argued on appeal. The issue of custody was presented by the petition for habeas corpus. The right to determine such issue was not dependent upon the validity or invalidity of the Florida decree. All interested parties were before the court, including the mother though she was not a party. She could become a party if she so requests. Nicety of pleading in custody cases is not essential. Wolfe v. Wolfe, supra. As it was stipulated that the Department of Pensions and Security considered either parent as a fit custodian, there appears no necessity for its custody to continue as against one or the other parent. Therefore, the issue of custody would appropriately be determined by the court as between the parents if the mother appears as a party in the case. If she does not, the appellant having been acknowledged fit, we perceive no reason why he should not receive immediate custody.

We reverse the dismissal of the petition for habeas corpus and remand to the trial court for hearing and determination of proper custody of the children according to their best interest and welfare.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.