This is an appeal from the Family Division of the Circuit Court of Houston County wherein permanent custody of a minor child was awarded to his natural mother. The natural father of the child, Mr. Lynnie W. Speed, prosecutes this appeal.
Mr. Speed, the appellant, contends the trial court erred to reversal by:
(1) Failing to accord full faith and credit to a Florida decree which granted permanent custody of the child to him; and (2) Converting a habeas corpus petition proceeding into a child custody proceeding without prior notice to the parties. We find these contentions without merit and, accordingly, affirm.
The record reveals the following pertinent information:
After almost five years of marriage, Mr. Speed and Mrs. Glennis K. Speed, the natural mother and appellee, were divorced on December 16, 1975, by a decree of the Circuit Court of Leon County in Tallahassee, Florida. Custody of their minor child, Lynnie W. Speed, Jr., was given to Mrs. Speed by this decree.
Subsequent to the divorce, Mr. Speed moved to Dothan, Alabama, and Mrs. Speed to Paducah, Kentucky. In April of 1976, Mr. and Mrs. Speed decided through telephone conversations to allow Lynnie to live with his father for an indefinite period of time while Mrs. Speed was "job-hunting."
Lynnie was to have begun living with his father at the beginning of the summer. However, the day after the parties had reached their agreement concerning Lynnie, Mrs. Speed received a phone call from Mr. Speed in which he told her that he had obtained a position in a day care center for Lynnie which would be lost if Lynnie was not enrolled within ten days. At this time, Mr. Speed also informed Mrs. Speed that he was contemplating remarriage, though in actuality he was already married to Miss Barbara Jean Scribner Walworth.
In order to accommodate the ten day deadline, Mrs. Speed decided to allow the child to begin living with his father immediately. To this end, on April 15, 1976, Mr. Speed drove to Paducah and picked up the sixteen month old child. According to Mr. Speed, the child was dirty and sick at the time he picked him up. Mr. Speed spent approximately $400 on medical treatment for his son while the latter was in his custody.
On April 26, 1976, Mr. and Mrs. Speed had three telephone conversations, one of which Mr. Speed, unknown to Mrs. Speed, recorded. During the second conversation, Mrs. Speed demanded that Mr. Speed return the child to her custody. He refused to do so; and on April 27, 1976, she proceeded to Dothan where she filed a petition for writ of habeas corpus in the Circuit Court of Houston County, alleging that Mr. Speed and Miss Walworth were unlawfully detaining the minor child in violation of the Florida decree rendered on December 16, 1975.
On April 27, 1976, Mr. Speed and Miss Walworth were served with a copy of Mrs. Speed's petition and a summons ordering them to appear with Lynnie W. Speed, Jr., in the Circuit Court of Houston County on May 10, 1976.
Prior thereto, on the night of April 26, 1976, Mr. Speed had travelled to Tallahassee, Florida; and on April 27, 1976, in the Circuit Court of Leon County, Florida, he had filed a petition for modification of that court's final judgment of December 16, 1975, alleging that Mrs. Speed was not properly caring for the minor child and praying the custody of the child be vested in him.
On April 28, 1976, a copy of the petition for modification and the order setting the date for the hearing thereon were mailed via certified mail to Mrs. Speed by Mr. Speed's Florida attorney. Mrs. Speed, for reasons irrelevant here, was first apprised of the Florida hearing on May 7, the same day that the Circuit Court of Leon County, Florida, issued a decree modifying its final judgment of December 16, 1975, wherein *Page 159 
custody of Lynnie had been granted to Mrs. Speed. The May 7 modification stated:
 "Lynnie W. Speed shall have the primary care, custody and control of the minor child of the parties, to wit, Lynnie W. Speed, Jr., . . ."
Trial on Mrs. Speed's habeas corpus petition was had in the Circuit Court of Houston County on May 11, 1976; the court was cognizant of the contents of the Florida decree rendered four days prior thereto. The court heard testimony from Mrs. Speed, her father, Mr. Speed, Miss Walworth, and a physician. At the conclusion thereof, the court ordered that Lynnie be returned to Mrs. Speed's custody on or before June 1, 1976. Mr. Speed was granted substantial visitation rights. Additionally, the court found that both parties were fit to have custody of Lynnie and that Mr. Speed had acquired custody of the child through a deceptive "scheme or design."
It is from this proceeding that Mr. Speed takes this appeal.
 I
As previously stated, Mr. Speed contends the trial court erred to reversal by not according the May 7 Florida decree full faith and credit as required by U.S. Const. art. IV, § 1. He states the Alabama court was precluded from taking any action which would modify the Florida decree, absent a showing of changed circumstances in the interim four day period between the two proceedings. We strongly disagree.
Article IV, § 1 of the U.S. Constitution provides that:
 "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."
Pursuant to this authority Congress has stated:
 "The records and judicial proceedings of any court of any such State, . . . ". . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State, . . . from which they are taken." 28 U.S.C. § 1738).
The general principle derived from this statute is that the judgment of a sister state is to be given that effect, in the state of the forum, to which it is entitled in the state where rendered. Smith v. Smith, 109 U.S.App.D.C. 367, 288 F.2d 151
(1961); United States v. Silliman, 167 F.2d 607 (3rd Cir. 1948), cert. denied, 335 U.S. 825, 69 S.Ct. 48, 93 L.Ed. 379
(1948).
 "[I]t is clear that the State of the forum has at least as much leeway to disregard the judgment, to qualify it, or to depart from it as does the State where it was rendered." (People of State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 615, 67 S.Ct. 903, 906, 91 L.Ed. 1133 (1947)
Accord Kovacs v. Brewer, 356 U.S. 604, 78 S.Ct. 963,2 L.Ed.2d 1008 (1958); Hernstadt v. Hernstadt, 373 F.2d 316 (2nd Cir. 1967).
 "[E]ven apart from a . . . change in circumstances, a custody award which is subject to challenge or modification in the state where it was rendered is likewise subject to challenge in another state. . . ." (35 A.L.R.3d 520, 536-37).
Thus, an Alabama court may take any action with respect to a Florida decree which a Florida court could have taken. Gray v.Department of Pensions and Security, 53 Ala. App. 19,296 So.2d 918.
The pertinent Florida law with respect to the finality of judgments in child custody cases is as follows:
 "`"[I]t is . . . the law that a decree in a divorce suit, fixing the custody of a child of the parents being divorced, . . . is . . . a final decree of the court on the conditions then existing, and is not to be materially amended or changed afterward, unless on altered conditions shown to have arisen since the decree, or because of material facts bearing on the question of custody and existing at the time of the decree, but which were unknown to the court and then only *Page 160 for the welfare of the child. * * *"'" (Bruggisser v. Bruggisser, Fla.App., 244 So.2d 518, 521, quoting from Frazier v. Frazier, 109 Fla. 164, 147 So. 464, 465)
Accord Goldstein v. Goldstein, Fla.App., 264 So.2d 49; Ritsi v.Ritsi, Fla.App., 160 So.2d 159.
Thus, where material facts relative to the welfare of the child are not presented to the court at the time of the rendition of its decree, it may thereafter, upon a showing of the theretofore unpresented facts, modify its decree.
While the evidence adduced in the May 7 Florida proceeding is not before this court, we do know that Mrs. Speed was not in attendance. One may reasonably conclude that she would have introduced substantial evidence pertaining to the welfare of Lynnie which was not presented to the court by Mr. Speed. Hence, it seems certain to us that had Mrs. Speed petitioned the Florida court subsequent to May 7, it would have been empowered to modify its decree.
Under similar circumstances, the Supreme Court of the United States has reached such a conclusion with respect to Florida law. In Halvey, supra, a wife instituted divorce proceedings in Florida. Service of process on the husband was by publication. The day before the rendition of the divorce decree in Florida, the husband, without the knowledge or approval of his wife, took their minor child to New York. Consequently, he was not in attendance at the Florida divorce proceeding wherein permanent custody of the child was awarded to the wife.
Thereafter, the wife filed a habeas corpus petition in New York alleging unlawful detention of the child by her husband. The New York court substantially modified the Florida decree by granting visitation rights to the husband. Upon appeal by the wife, the Supreme Court of the United States stated:
 "Respondent [husband] did not appear in the Florida proceeding. What evidence was adduced in that proceeding bearing on the welfare of the child does not appear. But we know that the Florida court did not see respondent nor hear evidence presented on his behalf concerning his fitness . . . `to enjoy the society and association' of his son . . . It seems to us plain . . . that . . the Florida court would have been empowered to modify the decree in the interests of the child and to grant respondent the right of visitation, if he had applied to it rather than to the New York court and had presented his version of the controversy for the first time in his application for modification." (Halvey, supra, 330 U.S. at 613-14, 67 S.Ct. at 905.)
The United States Supreme Court concluded that since the New York court had done only that which the Florida court could have done, the former had accorded the latter's decree the full faith and credit required by the Constitution.
Similar rationale is applicable herein. As shown from above, the Circuit Court of Houston County, Alabama, had the same power with respect to modification of the May 7 decree as did the Circuit Court of Leon County, Florida. Since Florida law, in this instance, would have empowered the Leon County Circuit Court to modify its decree, we perceive no error in this instance in the Houston County Circuit Court's doing the same.
Furthermore, although we deem the Halvey, supra, rationale to be dispositive of this case, even absent that decision, we are of the opinion that the Circuit Court of Houston County would not have been prohibited from hearing the case under the circumstances as revealed by the record. Where both the child and the father were within the jurisdiction of the court of the father's residence; where the father had obtained custody of the child through a deceptive design; where the decree awarding such custody was rendered without the mother's having actual knowledge of that proceeding; where the mother had initiated a proceeding in the Alabama circuit court of the father's residence on the same date the father had instituted a proceeding in a Florida court; and where the latter had merely rendered its decree four days prior *Page 161 
to the Alabama court; the Alabama court is not, to this court, precluded from rendering a decree on matters previously decided by the Florida court.
 II
Mr. Speed also contends that the trial court erred to reversal by altering the habeas corpus petition to a child custody proceeding without giving prior notice to the parties. He states that such action precluded him from presenting pertinent evidence regarding child custody. Had he known that the proceeding was to have been a modification proceeding, he submits he would have presented different evidence.
To this court, it appears the trial court did put Mr. Speed on notice as to the matters to be considered at trial. In response to the query of Mr. Speed's attorney as to whether the trial was to be a "modification hearing," the court stated:
"You can call it what you wish, . . .
. . . . .
 "The Florida court, for example, could modify the decree, could change its own decree; then this court could change that decree, too."
Irrespective of the terminology affixed to the proceeding, plainly the trial court made apparent to Mr. Speed, as did Mrs. Speed's habeas corpus petition, that the subject matter of the hearing concerned who was to have custody of the child. That Mr. Speed understood this is apparent from the testimony given by him, his second wife, and a doctor pertaining to his ability to care for the child and the lack of such ability on the part of the ex-wife. In other words, the evidence he presented clearly concerned what was to the best interests of the child, the controlling principle with regard to child custody cases. Review of the record convinces this court that Mr. Speed was well informed as to the character of the proceeding in the lower court and presented his evidence accordingly.
Moreover, before rendering its decision, the trial court specifically stated:
 "I'm going to treat this particular hearing as I would any custody hearing. . . ."
Mr. Speed, at that time, made no motion to present additional evidence. In fact, after careful perusal of the record, we find no showing that the issue he raises on appeal was presented to the court below. It is axiomatic in Alabama that matters not objected to in the trial below cannot be raised for the first time on appeal. Callahan v. Weiland, 291 Ala. 183,279 So.2d 451; Henley v. Boswell, 55 Ala. App. 414, 316 So.2d 342; 2 Ala. Digest Appeal and Error 181. Hence, for the above reasons, we find Mr. Speed's second contention without merit.
Mr. Speed, through able counsel in reply brief, further contends that this appeal is moot in that subsequent to the May 11 proceeding in Dothan, Alabama, Mrs. Speed has personally appeared in the Circuit Court of Leon County, Florida; and by a decree of October 28, 1976, that court has refused to modify its decree awarding custody of the child to Mr. Speed. This court will not entertain such an argument, for it is the law in this state that an appellate court cannot consider matters outside the record and not before the trial court. AlabamaState Docks Department v. Alabama Public Service Commission,288 Ala. 716, 265 So.2d 135.
Mrs. Speed's attorney has requested that this court award him a fee for representing her on this appeal. A fee of $300 is hereby awarded.
All issues having been duly considered, the decree of the lower court is to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 162