This is a case reinstating alimony after termination by a foreign court.
We will briefly outline the course of this case in the courts of Alabama and Florida as pertinent to the issues.
In March of 1970, a judgment for temporary child support and alimony for the wife was entered by the Circuit Court of Lauderdale County, Alabama. On April 20, 1972, a final divorce was granted awarding the wife $150 per month in child support and $125 per month in alimony. The only minor child married on April 28, 1972. No child support payments ever became due under the divorce decree. Contemporaneously with the divorce decree, the court issued a decree on ne exeat ordering the husband to pay $6,500 to the wife, representing the total amount then due for child support and alimony under the court's order of March 17, 1970. On August 20, 1973, the wife filed a complaint in the Circuit Court of Bay County, Florida, where the husband resided, to enforce the Alabama judgment. *Page 478 
The husband defended and counterclaimed for a reduction in alimony. The Florida court gave full faith and credit to the Alabama orders and determined the amount due and unpaid from the evidence presented to it. It found the net sum of $2,347.44 due the wife from the husband. It then modified the final divorce decree of the Alabama court by terminating the wife's right to any future alimony. The wife accepted the judgment of the Florida court without appeal. The money found due her was paid to and received by her.
On December 15, 1976, the wife filed garnishment in Lauderdale County, claiming over $9,000 in past due support and alimony. The garnishment was dismissed because of giving full faith and credit to the Florida judgment. The wife then sought modification of both the prior Alabama divorce decree and the Florida decree terminating alimony. The court modified the Florida decree by reinstating alimony at $100 per month. The husband seeks to reverse that judgment. The wife cross-appeals the order dismissing the garnishment.
The primary issue presented to this court for consideration is whether an Alabama court has the power to make a new award of alimony to the wife after a Florida court has terminated the wife's right to future alimony by modifying the original Alabama divorce decree.
The general rule in this state is that future periodic alimony awards may be modified upon showing a change in circumstances. Jernigan v. Jernigan, 335 So.2d 178
(Ala.Civ.App. 1976); See 8 Ala.Dig., Divorce, 245 (1). The power to grant alimony is derived solely from statute and the obligation of the husband is derived from the marriage relationship. The granting of alimony is incident to a divorce decree. If a divorce is granted without grant of alimony or reservation of consideration, the power to grant is lost.Northcutt v. Northcutt, 262 Ala. 98, 77 So.2d 336 (1955). If a grant of periodic alimony expires according to its term or is terminated by decree of modification, without reservation by the court, it is not subject to revival or reinstatement. Banksv. Banks, 336 So.2d 1365 (Ala.Civ.App. 1976); Jennings v.Jennings, 353 So.2d 921 (Dist.Ct.App.Fla. 1978). 43 A.L.R.2d 1384.
The wife contends that this latter principle should not be applicable when the termination of alimony is accomplished by a state other than the state issuing the original divorce decree. She contends that because Alabama granted the divorce with its incident order for alimony, its jurisdiction to modify cannot be terminated by the courts of another state. The contentions of the wife are contrary to the principle of State of New Yorkex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903,91 L.Ed. 1133 (1947), and to the full faith and credit clause of the U.S. Constitution (Art. 14, Sec. 1) and 28 U.S.C. § 1738. We have previously discussed and applied these principles in the case of Speed v. Speed, 341 So.2d 156 (Ala.Civ.App. 1976), and will not again discuss them here.
In this case the wife invoked the jurisdiction of the Florida court for the purpose of collecting alimony. Upon being brought into court, the former husband sought his own relief. Having assumed personal jurisdiction of the parties, the Florida court was clothed with as much authority as the Alabama court and could proceed with modification as fully as the Alabama court.Speed v. Speed, supra. That court gave full faith and credit to the Alabama decree and enforced it. The wife accepted the benefits from that decree and did not appeal the termination of her alimony. It is our opinion that she would be bound by the decree, by estoppel or res judicata if by nothing else; however, the Florida decree in its entirety was due full faith and credit in the Alabama court. Our court extended that recognition to it only in part, as did the wife. In that it erred. To hold otherwise would require parties to an Alabama order for alimony, though subject to personal jurisdiction of a foreign court, to ever return to Alabama for modification or termination of alimony. That cannot be the law. With the parties before it a foreign court is as competent as the Alabama court to modify. Speed v. Speed, supra. *Page 479 
Finally, the wife asserts a cross-appeal as to the trial court's dismissal of her garnishment. The wife contends that the Florida court improperly modified the Alabama judgment for past-due and accrued installments of alimony when it issued its May 21, 1974 decree ordering the husband to pay $2,347.44 to the wife representing all past due payments.
The wife contends that the Alabama judgment representing installments already due is final and should have been given full faith and credit by the Florida courts. Sistare v.Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905. The wife asserts that there was a "misapplication of the Alabama law" by the Florida court which resulted in an improper modification of the Alabama judgment.
Again, we cannot agree with the wife's position. The Florida court had jurisdiction of the action, and both parties submitted themselves to the jurisdiction of the Florida court. The Florida court noted in its final decree that full faith and credit had been given to the Alabama judgment for past due alimony. The issue was completely litigated in the Circuit Court of Bay County, Florida. The wife's remedy would have been an appeal of that Florida judgment to the appellate courts of Florida at that time. However, rather than appealing, the wife accepted the Florida judgment and the benefits thereunder. The Circuit Court of Lauderdale County, in its order dismissing garnishment, correctly determined that even if the Florida decree was based in part on the misapplication of Alabama law, it was nevertheless entitled to full faith and credit. "Judgment of court of sister state which appears on its face to be valid and binding and rendered in a case in which the court had jurisdiction of the subject matter and the parties is to be given full faith and credit." Warner v. State, 52 Ala. App. 361,292 So.2d 480 (1974).
AFFIRMED AS TO ORDER DISMISSING GARNISHMENT. REVERSED AS TO ORDER AWARDING ALIMONY.
BRADLEY and HOLMES, JJ., concur.