BRADLEY, Judge.
This is a child custody case.
The children involved are Marcia Allen, age six, and Charles Allen, age four. The parties seeking custody of the children are Stephanie and Lawrence Revoir, mother and stepfather of the children; and the grandparents of the children, Michael and Columbine Shedlock.
This controversy began in the State of Indiana. On November 28, 1978 the Shed-locks filed a petition in the Circuit Court of Hamilton County, Indiana, asking that they be appointed guardians of the minor children. The Indiana court granted the petition and ordered that the Shedlocks be appointed temporary guardians of the minor children. This order was set aside on December 4, 1978 and custody of the children was transferred to the Revoirs. On December 7, 1978 the court ordered an investigation of the homes of the Shedlocks and Revoirs. The court followed this with a number of orders, voided orders, and reorders concerning the home investigations. Several continuances were also granted. *626 During this time, custody of the children remained with the Revoirs.
Finally, on April 3, 1979, the Indiana court, after a hearing, ordered that:
Columbine and Michael Shedlock are hereby appointed .co-guardians over the person and estate of Marcia Allen and Charles Allen until further order of this Court.
Before the Shedlocks received custody of the children, the Revoirs brought the children to Alabama.
On March 19, 1979, prior to the issuance of the guardianship decree by the Indiana court, the Circuit Court of Calhoun County found the children to be dependent, awarded temporary custody to the Department of Pensions and Security, and directed that the children be placed temporarily with the Revoirs. The Revoirs were ordered to submit to periodic visits by agents of the Department to investigate the Revoirs’ home environment.
Still later, on May 18, 1979, the Department filed a motion asking that the prior order placing the children in the home of the Revoirs be rescinded. The trial court granted the motion and gave the Department discretion to remove the children from the Revoirs’ home pending a hearing on the matter. The court also ordered that the Revoirs comply with a visitation and therapy schedule proposed by the Department.
The trial court held a hearing on June 22, 1979 as to custody and placement. At this time the court granted a motion by the Shedlocks to intervene. The court reserved ruling on a motion by the Shedlocks that the order of the Indiana court making them legal guardians of the minor children be given “full faith- and credit.” Custody of the children was also left with the Department pending a review of the matter on November 5, 1979.
After the hearing the trial court denied the Shedlocks’ motion to give full faith and credit to the Indiana court order. The court ordered that temporary custody of the children remain with the Department and that the children be placed in the home of the Revoirs. The court also stated that the best interests of the minor children would be served by keeping custody in the Alabama courts. This appeal followed.
The dispositive issue is whether the trial court erred in not giving full faith and credit to the Indiana decree.
We said in Gray v. Department of Pensions and Security, 53 Ala.App. 19, 296 So.2d 918 (1974):
[WJhere a foreign court has rightfully assumed jurisdiction over minor children, Alabama courts, as a matter of comity, may refuse to deal with the question of their future welfare.
However, it is settled that where a child is physically present within the jurisdiction of an equity court of this state, such court has inherent authority to act to protect the welfare and best interest of such child. [Citations omitted.]
In the instant case, the State of Indiana had assumed jurisdiction over the children but had not entered an order awarding guardianship to the Shedlocks at the time the Alabama court assumed jurisdiction over the children and awarded their temporary custody to the Alabama Department of Pensions and Security. In Ex parte Buck, 291 Ala. 689, 287 So.2d 441 (1973), the Supreme Court of Alabama quoted the following from the Mississippi case of Cox v. Cox, 234 Miss. 885, 108 So.2d 422 (1959):
“It is well-established that the pendency of an action for divorce in another state is not a bar, nor a cause for a stay of proceedings, in a similar action between the same parties in the state, where jurisdiction of defendant is obtained by personal service of process. A stay is not a matter of right, but rests within the sound discretion of the court.” [Citations omitted.]
And then said:
Professor Leflar sums up the “prior pendency” rule: “The mere pendency of an action in one state has no effect upon the right to bring an action in another. Whichever suit is first carried to judgment then bars the other, but it is only *627 the rendition of judgment which has that effect.” Leflar, American Conflicts Law (Student Edition), § 73, p. 169.
However, the petition that was filed in the Alabama court raised the question of the welfare and best interests of the children, i.e. it was alleged that the children had been abused and neglected. But, the supreme court also said in Ex parte Buck that equity courts of Alabama are always open for the protection of minors and any pleading that is filed showing that the welfare of the child requires an order relating to its custody sufficiently invokes the jurisdiction of that court. Certainly under these circumstances the Alabama court acted properly in taking jurisdiction of the children and making arrangements for their care and protection.
We would also point out that a sister state’s decrees in child custody eases are not required to be given full faith and credit where the evidence adduced in the Alabama court shows changed circumstances or an emergency situation. Watkins v. Brannon, 54 Ala.App. 424, 309 So.2d 464 (1974); Ashwood v. Ashwood, Ala.Civ.App., 371 So.2d 924 (1979). We find this rationale equally applicable in a guardianship case where custody of the minor is involved. In the case sub judice the custody of the minors was involved in the Indiana and Alabama proceedings. Custody of the minors was placed in the grandparents in the Indiana proceeding, and legal custody was placed by the Alabama court in the Alabama Department of Pensions and Security with temporary physical possession in the parents subject to supervision by agents of the Department of Pensions and Security.
When the jurisdiction of the Alabama court was invoked on the ground that an emergency existed as to the children’s welfare, the children became wards of the court and the paramount issue for the court’s determination then was what would serve the best interests of the children. Sappington v. Fort, 258 Ala. 528, 63 So.2d 591 (1952). The court determined that the welfare of the children would be best served by their remaining as its wards. Thus, we find no error in the trial court’s refusal to accord the Indiana judgment full faith and credit.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.