This is a divorce case. The sole issue on appeal involves the propriety of the property division. Appellant, Mary C. Johnson, contends that the trial court erred in applying the law to the facts of the case and abused its discretion.
The cause arose under the following facts, which were heavily disputed:
Both parties had been married prior to their marriage to each other. Mrs. Johnson divorced her first husband in January 1955; Mr. Johnson divorced his first wife in June 1955. Conflicting certificates of marriage were introduced at trial. One certificate set the marriage date at January 18, 1955; the other at January 18, 1957. Mrs. Johnson contended that she and her husband were common-law married several years prior to any ceremonial marriage. The Johnsons have apparently been separated since 1976 when Mrs. Johnson left the home. She claims that she was forced to leave and was in fear of her life. She testified that she was mistreated in various ways and on several occasions by her husband. Mr. Johnson contends that she abandoned him. The record reveals that he testified several times under oath that he asked her to come home, and that she could still come home.
No children were born of the marriage. Mr. Johnson worked for the Veterans Administration until his retirement around 1974. He now receives Social Security and some form of military retirement pay. Mrs. Johnson taught school until 1975 or 1976.
The extent of the property holdings of the parties was heavily disputed. Only one parcel, the homeplace in Tuskegee, Alabama, was held jointly. The rest of the property involved was owned separately by Mr. Johnson at the time the final decree of divorce was entered.[1] Two of these parcels were sold to Mr. Johnson by Mrs. Johnson *Page 988 
apparently prior to the date of marriage as determined by the trial court. Much importance was placed on the date of the parties' marriage because separate property acquired prior to marriage or by gift or inheritance cannot be taken into consideration for a property division unless it is shown that the property or its income has been used for the common benefit of the parties during their marriage. § 30-2-51, Code (1975) as amended.
The trial court in its final decree found that Mr. Johnson was not capable of entering into a marriage until sixty days subsequent to his divorce on June 25, 1955. Additionally, the trial court found that Mr. Johnson was not guilty of any fraud in connection with the conveyances of property from Mrs. Johnson prior to the marriage. The trial court found that Mrs. Johnson was afraid of Mr. Johnson, but that such fear was not the product of any misconduct on the husband's part. The divorce was granted on the grounds of irretrievable breakdown of marriage. Mrs. Johnson was awarded the homeplace appraised at $46,600 and the North Greenwood Drive property, which is income producing and was appraised at $18,000. The homeplace was previously held jointly, but the North Greenwood property was acquired by Mr. Johnson prior to the time a possible legal marriage could have taken place as determined by the trial court. It was held separately by the husband.
Mr. Johnson was awarded the remainder of the property which was appraised at approximately $114,000.[2] Court costs including the cost of the appraisal, and an attorney's fee for Mrs. Johnson's attorneys of $2,500 were taxed against Mr. Johnson. Mrs. Johnson's motion for new trial was denied. She appeals.
A division of property is within the sound discretion of the trial court, and will only be reversed for palpable and plain abuse of that discretion. Parker v. Parker, 392 So.2d 229
(Ala.Civ.App. 1980). Such a division need not be equal, but equitable and graduated according to the nature of the case.Mack v. Mack, 389 So.2d 1156 (Ala.Civ.App. 1980). We find no abuse of discretion.
Appellant seems to argue that the trial court failed to take all the property held jointly or separately into consideration in the property division. To the contrary, the trial court plainly viewed separate property acquired by the husband prior to the marriage as part of the property division. One parcel awarded the wife was so acquired. Assuming knowledge of the statute, the trial court must have determined that the property was regularly used for the common benefit of the parties during the marriage. See, Dees v. Dees, 390 So.2d 1060 (Ala.Civ.App. 1980).
We find no support in the record for the contention of the wife that more than $960,000 worth of property was involved in this case. The appraisals introduced into evidence were made and testified to by the wife's own appraiser.
The wife's contention that the trial court misapplied the law to the facts is not well taken. We find no abuse of discretion.
Appellee's contention that Mrs. Johnson's motion for new trial failed to preserve error is pretermitted.
This cause is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] Mrs. Johnson owned fifty-four and one-half acres at Warrior Stand that was acquired with her funds during the marriage. She sold it to her stepfather prior to this action.
[2] Parcel number 12 is not assigned a value in the record. It is a one-acre unimproved lot in Macon County, Alabama. *Page 989