This appeal concerns the division of property and periodic alimony.
The parties were divorced in December 1981. There was an appeal taken from this decree, Dutton v. Dutton, 446 So.2d 615
(Ala.Civ.App. 1983). This court affirmed the granting of the divorce, but reversed the trial court's finding that Dutton Trucking Company was a partnership rather than a sole proprietorship. The case was remanded to the trial court for it to reconsider the disposition of the parties' property in light of the finding that the trucking business was a sole proprietorship owned by Miles Carl Dutton, the husband.
After remand but before the trial court could comply with the directive of this court, the wife, Bobbie Dean Dutton, filed a petition to modify the award of periodic alimony from $500 a month to $1,000 a month. The husband, Miles Carl Dutton, answered with a petition to terminate or reduce his periodic alimony obligation on the grounds that his financial condition has worsened since the parties' divorce, and the wife was earning an income.
The trial court held a hearing at which it received evidence as to the present value of the parties' property, as well as evidence relating to the alimony modification petition. On June 27, 1985 the trial court rendered its decision. In this decree the husband was directed to execute and deliver deeds to six tracts of real property, free of any mortgage, lien, or other encumbrance, to Bobbie Dean Dutton, the wife. The husband was also required to pay the wife the sum of $5,472.23, which represents rental received from two of the properties awarded to the wife, less taxes and insurance. The court also found a sufficient change of circumstances to support increasing the periodic alimony paid to the wife from $500 per month to $750 per month. The wife was divested of all realty and personalty owned by or used in Dutton Trucking Company.
The wife appealed and the husband cross-appealed.
The wife asserts on appeal that the trial court erred in permitting testimony concerning the present value of the parties' property on remand, since the court should have been limited to the valuation of the property as found at the original hearing. The wife contends that the trial court, by receiving evidence of the present value of the parties' property, reopened the case contrary to the directions of this court.
The record reveals, however, that the wife's attorney failed to object to testimony concerning the present value of the parties' real estate. In fact, the wife's attorney permitted the wife to testify as to any significant changes in value of the parties' property since the divorce, and did not object to the husband's testimony concerning the current market value of his real estate. Generally, matters not objected to at trial cannot be raised for the first time on appeal. UnderwritersNational Assurance Co. v. Posey, 333 So.2d 815 (Ala. 1976);Speed v. Speed, 341 So.2d 156 (Ala.Civ.App. 1976). The wife's attorney did object at one point to the testimony of the husband's brother about the current market value of property belonging to Dutton Trucking Company. However, evidence concerning the market value of the Dutton Trucking Company had been previously admitted without objection through the testimony of the company's accountant. Thus, any error in permitting the husband's brother to testify concerning the market value of Dutton Trucking Company property was harmless.Baker v. Shoemaker, 201 Ala. 448, 78 So. 826 (1918). We observe also that, although the wife objects on appeal to the trial court's consideration of the present value of the parties' property, she relies on such valuations in asserting that she was denied an equitable distribution of property. The wife obviously cannot have it both ways, and has waived *Page 1251 
any error committed below by failing to timely object to testimony concerning the present value of the parties' property.
Both the wife and the husband contend that the division of property was inequitable. It is within the sound discretion of the trial court to make the property division, and there will be no reversal except for a palpable abuse of discretion.Wilson v. Wilson, 404 So.2d 76 (Ala.Civ.App. 1981). After reviewing the record, we find no such abuse of that discretion. The husband was awarded the trucking business, from which he earned his livelihood, and the wife was awarded six parcels of real estate, several with rental value, and $750 per month alimony. We conclude that the division of property was equitable. Johnson v. Johnson, 414 So.2d 987 (Ala.Civ.App. 1982); Searcy v. Searcy, 340 So.2d 1134 (Ala.Civ.App. 1976).
Both parties also contend that the trial court erred in its modification of periodic alimony. Specifically, the wife contends that the trial court erred by increasing the alimony from $500 per month to $750 per month, and the husband contends that the trial court erred by not decreasing or eliminating the periodic alimony.
Periodic alimony may be modified upon a showing of a change in circumstances. Gargis v. Gargis, 367 So.2d 476 (Ala.Civ.App. 1978), writ denied, 367 So.2d 479 (1979). The wife testified that she was unable to work, that her living expenses had increased since the parties' divorce, and that the $500 periodic alimony was not sufficient to meet her monthly expenses. The husband testified that his trucking business and income therefrom had steadily declined since the parties' divorce. However, the husband's real estate holdings and business assets are considerable. Furthermore, the record reveals that the husband transferred some of his assets and property to his brother for little or no consideration subsequent to the parties' divorce. Such transfer does not constitute a change of circumstances permitting the husband to decrease or terminate alimony. Snow v. Snow, 393 So.2d 1020
(Ala.Civ.App. 1981).
We note that the trial court is given the discretion to grant or deny a petition to modify alimony, and also the discretion to determine the amount of increase or decrease. Gambrell v.Gambrell, 268 Ala. 671, 110 So.2d 248 (1959). After a thorough review of the record, we cannot say that the trial court abused its discretion in increasing the periodic alimony award to the wife from $500 to $750 per month.
The husband lastly contends that the trial court erred when it failed to put a cap on the length of time that the husband would be required to pay such alimony. It is well settled that the trial court retains jurisdiction to modify periodic alimony for changed circumstances whether such jurisdiction is expressly reserved in the decree or not. Banks v. Banks,336 So.2d 1365 (Ala.Civ.App. 1976). Additionally, section 30-2-55, Code 1975, provides a method for termination of periodic alimony upon remarriage or cohabitation. Therefore, the trial court did not err when it failed to state how long payment would be required.
Wife's request for an attorney's fee on appeal is denied.
The decree of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
 *Page 1