PITTMAN, Judge,
concurring in the result.
I agree that the judgment under review is due to be affirmed under the rationale I present below.
“Although based on the common-law obligation of the husband to support his wife, the court’s authority to award alimony upon grant of divorce is entirely statutory.” Ivey v. Ivey, 378 So.2d 1151, 1152 (Ala.Civ.App.1979) (emphasis added). Section 30-2-51(a), Ala.Code 1975, authorizes trial courts in divorce actions to order to one spouse allowances out of the estate of the other spouse when the recipient spouse does not have a sufficient separate estate; trial courts also “retain[ ] jurisdiction to modify periodic alimony for changed circumstances whether such jurisdiction is expressly reserved in the decree or not.” Dutton v. Dutton, 490 So.2d 1249, 1251 (Ala.Civ.App.1986) (emphasis added).
At common law, a party to a divorce judgment receiving alimony from a former spouse did not, merely by marrying or cohabiting with a third person, ipso facto forfeit rights to alimony under that judgment. See Paulk v. Paulk, 57 Ala.App. 721, 725, 331 So.2d 730, 734 (Civ.App.1976) (“the remarriage of the wife does not ipso facto annul alimony, but only affords a ground for doing so upon petition for modification”), and O’Dell v. O’Dell, 57 Ala.App. 185, 188, 326 So.2d 747, 750 (Civ.App.1976) (“Although the economics of a particular romantic arrangement might submit to discovery and reveal some evidence of a changed financial status for the ex[-]spouse involved, post-divorce sexual conduct is not of itself relevant evidence of changed financial circumstances affecting the amount of alimony.”). However, under § 111.02 of the Alabama Constitution of 1901, which was ratified in 1980 as Amendment 390, the people of this state empowered our legislature to “pass laws to provide for the termination of alimony upon the remarriage of the spouse receiving the alimony or upon such spouse living openly or cohabiting with a member of the opposite sex ” (emphasis added). It was under the express authority of that constitutional provision that the Legislature enacted Ala. Code 1975, § 30-2-55, which provides for the automatic termination of alimony upon petition of a party to the divorce judgment and proof that the spouse receiving such alimony is “living openly or cohabiting with a member of the opposite sex.” (emphasis added). See Oliver v. Oliver, 431 So.2d 1271, 1275 (Ala.Civ.App.1983).
The former husband in this case has contended that his obligation to pay alimony should be terminated because of the former wife’s cohabitation with a member of the same sex. However, although the former husband freely cites to various statutes defining marriage and criminalizing deviant sexual intercourse as authority for the proposition that the trial court should have terminated his alimony obligation,[5] he has failed to show that our state’s constitution or statutes mandate termination. Accordingly, I conclude that the rule of Paulk and O’Dell — that a alimony recipient’s entry into an intimate relationship with another does not of itself amount to a change in circumstances man *392 dating the termination of alimony — -retains vitality in situations where Amendment 390 and § 30-2-55 are silent. Thus, the trial court acted within its discretion in this case by declining to terminate the husband’s obligation to pay alimony, just as that court would have acted within its discretion had it determined that a change in circumstances had, occurred and terminated the former husband’s obligation.

. That spousal-support law must precisely match criminal law is a dubious proposition. For example, even though fornication, i.e., "nondeviant sexual behavior between consenting unmarried adults,” may lead to termination of one’s right to alimony under a divorce judgment based upon Amendment 390 and § 30-2-55, fornication is not classified as a crime under Alabama law. See Ala.Code 1975, § 13A-13-2 commentary.