BRADLEY, Judge.
Denial of a petition to modify a divorce decree; husband appeals.
The parties to this proceeding were divorced by decree of the Escambia County Circuit Court on February 28, 1978. The decree incorporated an agreement of the parties which awarded custody of the parties’ three minor children to the wife. The husband was to pay child support of $710 per month for three years commencing March of 1978 and on the third anniversary of the agreement the support would be reduced to $660 per month. On the sixth anniversary of the agreement, the child support would be increased to $885 per month and on the ninth anniversary it would be increased to $1,185 per month. On the tenth anniversary of the agreement, the child support would be reduced to $495-per month per child and would continue at that rate until each child reached the age of majority or entered college, whichever first occurred. The husband was also required to pay his ex-wife alimony over a period of one hundred twenty-two months.
On February 9, 1982, a joint petition to modify the divorce decree was filed by the parties to change custody of the oldest child, James Byron, from the wife to the husband and to change the amount of support for the other two children. The trial court approved the petition and made an adjustment in the husband’s child support payments.
On November 17, 1982 the husband filed a petition for modification seeking to reduce his child support and alimony payments due to a material change in his financial circumstances.
After a hearing on May 3, 1983, the trial court entered an order on May 23, 1983 denying the husband’s petition for modification of the decree rendered on February 9,1982. The decision was based on changed circumstances that occurred subsequent to February 9, 1982. The husband appeals.
The husband argues in brief that the trial court erred in considering only the changed circumstances from February 9, 1982 through May 3,1983. He contends that the trial court should have considered the changed circumstances that occurred since the last decree that awarded child support and alimony, which was the original divorce decree in 1978.
A trial court, in deciding whether to modify child support payments, is required to consider all changes in circumstances that have occurred since the last decree that awarded or actually modified child support, rather than only those changes which took place since the last decree that considered the question of modification. Rowe v. Boley, 392 So.2d 838 (Ala.Civ.App.1980), aff’d 392 So.2d 840 (Ala.1981).
Appellant contends that the February 9 modification was not the last decree which actually modified child support since there was only a change in child support of the child in his custody and not of the other two children still in his wife’s custody. We disagree.
Under the Rowe v. Boley rationale, the court’s approval of the parties’ joint petition to modify on February 9,1982 was the last decree to actually modify or fix child support. Although the custody of the parties’ eldest child was placed with the husband, the court also reduced the husband’s child support payment from $660 to $515 per month. Therefore, the February 9, 1982 decree modified the child support payments the husband had been required to make, and thus it was proper for the trial court at the May 3 hearing to consider only those factors and changes occurring from February 9 to May 3 on the issue of child support.
Accordingly, the trial court’s order restricting proof of changed circumstances for modification of child support to the period from February 9, 1982 to May 3, 1983 is affirmed.
*962 The husband also argues that the trial court erroneously limited itself to a consideration of changed circumstances sufficient to modify alimony to the same period, i.e. from February 9, 1982 to May 3, 1983. We disagree.
Although the trial court’s order of May 23,1983 provided that the request for modification of the February 9, 1982 order, which was the child support modification, ' was being denied, we must assume that the trial court also denied the request for a modification of alimony.
One reason for so concluding is that in addition to the petition for modification of alimony and child support, the trial court, at the beginning of the hearing, informed the attorneys that proof of changed circumstances as to child support would be limited to the period February 9, 1982 to May 3, 1983, whereas the period for changed circumstances relating to the alimony issue could extend back to the original divorce decree. Furthermore, since the record does not contain all of the evidence adduced at the hearing, we assume that the trial court permitted the parties to introduce proof in accordance with its ruling.
The decision to permit the parties to introduce proof of changed circumstances back to the 1978 divorce decree on the alimony issue is in keeping with the rule established in Rowe v. Boley, supra, i.e. proof of changed circumstances since the last decree that awarded or actually modified child support (alimony) is admissible. The last decree that awarded alimony was the 1978 divorce decree; there has been no decree modifying alimony.
The decree of the trial court denying the relief requested in the November 17, 1982 petition for modification is affirmed.
Appellee’s request for attorney’s fee on appeal is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.