ROBERT P. BRADLEY, Retired Appellate Judge.
This is a divorce case.
After about 18 years of marriage, the parties were divorced for incompatibility.
In its decree of August 16, 1990 the trial court awarded custody of the parties’ two children, ages 12 and 13, to the mother and ordered the father to pay child support of $800 per month. The court also awarded the mother $400 per month in periodic alimony. The father was required to maintain life insurance and health insurance for the benefit of the children and to pay their educational expenses. The mother was awarded the home place and ordered to pay off one of the three mortgages on the property. The father was required to pay the other two mortgages and the balance of the parties’ marital debts.
The father moved for a rehearing and this motion was denied. The father appeals.
The dispositive issue on appeal is whether the award to the mother is excessive.
Whether to award alimony and property and, if so, how much is a discretionary decision for the trial court, and its judgment will be overturned only for an abuse of that discretion. Bright v. Bright, 456 So.2d 1091 (Ala.Civ.App.1984). An award of property may be unequal but it must be equitable according to the facts of the case. Bright.
To make its determination the trial court should consider each party’s age, health, future prospects, station in life, earning capacity, conduct, the length of the marriage, and the type and value of property owned. Jordan v. Jordan, 547 So.2d 574 (Ala.Civ.App.1989).
The facts show that the father owned a 50% interest in a specialty advertising business and, just prior to the divorce, his earnings had increased to over $51,000 a year. For several months prior to the divorce, the father lived in a rented condominium and earned $47,633. Out of this sum of money, he contributed 73.5% to his family’s upkeep. Moreover, the father did not testify that he was unable to support himself during this period.
For about 15 years prior to the divorce, the mother did not work outside the home. Her only income is $500 per month in rental income resulting from an inheritance. The mother testified that she would need $1,500 per month in alimony to maintain her accustomed standard of living.
*929 The father stated in brief that he was being required by the divorce decree to pay $2,850 per month, or about 67% of his monthly income, for the maintenance of the mother and the children. He argues that this amount is so excessive as to leave him, in effect, destitute. Yet, when he was living alone for several months prior to the divorce, he did not complain that he was unable to live on 26% of his income, which was less than he is now being asked to live on.
The record also shows that the husband’s income has steadily increased over the years and there is nothing in the record to suggest that it will not continue to increase. The wife has been only a housewife for 15 years and, though she might be able to resurrect some dormant, job skills, time and money will be required to accomplish this objective.
In view of the parties’ earning capacity and future prospects, the length of the marriage, the station in life they have reached, and the ages of the children, we cannot say that the trial court’s award to the wife is so excessive as to be an abuse of discretion and, therefore, erroneous. Consequently, we affirm the trial court’s decree.
The wife is awarded $500 as an attorney’s fee on appeal.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.