The parties were divorced in August 1990. The judgment of divorce provided, inter alia, that Clark T. Glenn (husband) pay $800 per month as child support for the minor children of the parties, that the husband pay to Leonna G. Glenn (wife) $400 per month as periodic alimony, that the husband pay for the private school education of the minor *Page 639 
children, and that the husband pay two mortgages owed on the homeplace. The background facts of this case are more fully set out in Glenn v. Glenn, 586 So.2d 927 (Ala.Civ.App. 1991), wherein this court affirmed the trial court's judgment of divorce.
In August 1991 the husband filed a petition to modify, requesting the trial court to reduce his alimony payments, to reduce his child support payments, and to relieve him of the responsibility for the private school expenses of the children, which were approximately $330 per month.
The wife filed a cross motion for rule nisi, in which she alleged that the husband had failed and refused to pay the mortgage payments and had failed to pay the educational expenses of the minor children. Following an ore tenus proceeding, the trial court, on December 12, 1991, found that the husband was in contempt and ordered that he be incarcerated until he purged himself by paying all notes due on the homeplace and the outstanding educational expenses of the children. The trial court did not rule on the husband's petition to modify. On December 13, 1991, the husband was released from the county jail under a $1,000 cash bond.
In May 1992, the wife again filed a motion for rule nisi, and the case was assigned to another trial judge. Following another ore tenus proceeding, the trial court entered an order on August 21, 1992, which found that the husband was in contempt of the orders of the court, and the trial court granted the wife "a judgment in the amount of $14,267.69 reflecting past due payments ordered in the Judgment of Divorce." The trial court partially granted the husband's petition and modified the judgment of divorce "to eliminate the responsibility of the [husband] . . . for the educational expenses of the children of the marriage including tuition, books and uniforms." The trial court ordered that all other provisions "of the judgment of divorce remain in full force and effect."
The husband appeals from the latter judgment, contending that the trial court abused its discretion by failing to modify the alimony and child support payments and by awarding a $14,267.69 judgment for arrearage. The husband contends that, because his income has decreased, it is impossible for him to pay these obligations and still support himself.
A recitation of the evidence before the trial court would serve no useful purpose in this case. The record testimony does reflect, however, that the husband had substantially the same earning capacity at the time of the hearing that he had at the time of the divorce. The law is concerned with one's ability to earn, as opposed to actual earnings, in determining whether a modification should be granted. Cox v. Cox, 485 So.2d 767
(Ala.Civ.App. 1986). It further appears from the record that the husband's financial situation is primarily due to the obligations imposed upon him as a result of the original judgment of divorce, and not from any material change in circumstances. That judgment, imposing those obligations, has been affirmed on appeal. Glenn, 586 So.2d 927. The original judgment, regarding support obligations, remains conclusive so long as there is no material change in circumstances sufficient to modify those support obligations. Travis v. Travis,345 So.2d 321, 322 (Ala.Civ.App. 1977). However, as noted above, the trial court did find such a material change in circumstances to modify the original judgment to eliminate the husband's obligation to pay the educational expenses of the minor children, and the wife did not appeal that ruling.
It is well settled that the judgment of a trial court, following an ore tenus proceeding, is presumed correct on appeal and will not be set aside unless it is shown to be plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347
(Ala.Civ.App. 1986). "Even though there may be some change in circumstances since the divorce decree, the modification remains a matter in the trial court's discretion." McCalla v.McCalla, 497 So.2d 509, 510 (Ala.Civ.App. 1986). A trial court's judgment in a modification proceeding will not be reversed unless there has been an abuse of discretion. McCalla.
After a careful review of the record, we cannot hold that the trial court's judgment is plainly and palpably wrong or that the trial court abused its discretion in failing to modify the alimony and child support payments. *Page 640 
The husband also argues that the trial court erred in granting the wife a judgment in the amount of $14,267.69, reflecting past due payments ordered in the divorce decree. Payments of alimony and child support constitute final judgments from the date that they become due, and those payments that mature before the filing of a petition are immune from change. O'Neal v. O'Neal, 532 So.2d 649
(Ala.Civ.App. 1988). With respect to this issue, we find no error.
The wife's request for a reasonable attorney's fee on appeal is granted in the amount of $500. The wife's request for damages and double costs pursuant to Rule 38, Alabama Rules of Appellate Procedure, is denied.
The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.