In January 1991, the trial court entered a judgment divorcing Larita Sims Kiefer and Charles M. Kiefer, Jr. The trial court ordered the husband to pay $1,000 monthly child support, $2,000 monthly alimony, and to name the wife as beneficiary on a $100,000 life insurance policy. In June 1994, the husband filed a motion to reduce the amount of the alimony, alleging that a substantial change in circumstances had occurred since the divorce, specifically, that his income had decreased and the wife's income had increased. In October 1994, the husband also filed a petition to modify, requesting that the trial court terminate his obligation to provide a life insurance policy for the wife. Following ore tenus proceedings, the trial court reduced the monthly alimony to $1,000 and reduced the amount of required life insurance to $50,000. The wife filed a post-judgment motion, which was denied. She appeals.
The wife argues that the trial court erred in reducing the amount of the husband's alimony and life insurance coverage obligations.
The modification of periodic alimony is a matter within the discretion of the trial court, and on appeal its judgment on that matter is presumed correct. Posey v. Posey, 634 So.2d 571
(Ala.Civ.App. 1994). This court will not reverse such a judgment unless it is not supported by the evidence or is otherwise plainly and palpably wrong. Id. The trial court may modify an award of periodic alimony if the petitioner proves that a material change of circumstances has occurred since the last award was made. Boudreaux v. Boudreaux, 550 So.2d 1030
(Ala.Civ.App. 1989). The trial court may consider several factors, including the earning capacity of each spouse, the recipient's needs and the payor's ability to meet those needs, and the estate of each spouse. Posey, supra. Even if a change of circumstances is shown, the trial court is not required to grant the modification. Mullins v. Mullins, 475 So.2d 578
(Ala.Civ.App. 1985).
At the time of the divorce, the husband was employed by CSX Railroad, and he testified that he earned $223,000 the year of the divorce. He last worked for CSX in Jacksonville, Florida, and he refused a promotion that would have required relocation out of the southeast. Currently, he is affiliated with a contracting firm owned by his present wife and has a $3,000 monthly gross salary. The wife argues that the husband intentionally reduced his income to avoid the alimony obligation and that the trial court erroneously considered his reduced income rather than his current potential earning ability. Prentice v. Prentice, 440 So.2d 1091
(Ala.Civ.App. 1983).
Our supreme court has stated:
 "The test is whether the former husband . . . in good faith enters into a new occupation at a reduced income. If such be the circumstances, he should be permitted to make such change of occupation even though it might require his former wife . . . to share in hardship attending the change. If the family had remained together the husband would have had the right to make such choice."
Thomas v. Thomas, 281 Ala. 397, 403, 203 So.2d 118, 123 (1967) (emphasis added). The husband testified that he desired a reduction in hours because he had been working 60 to 80 hours a week for more than 20 years. Also, he said he wanted to spend more time with his family; he has been remarried for two years. The husband resigned from CSX in February 1994 and relocated to Montgomery, where he and his current wife's family live. Therefore, the evidence supports the trial court's implicit finding that the husband did act in good faith in changing jobs and relocating closer to his family.
The wife testified that she was not employed at the time of the divorce, but that she and her sister each own a 50% share of a *Page 712 
flooring and interior business. She testified that her gross salary from the business has continually decreased from $2,000 per month, and that it is now $900 per month. She also testified that she and her sister borrowed $50,000 for their business. The wife has $38,000 equity in her home and a $78,000 mortgage. She also has $54,000 in a savings account and $50,000 in certificates of deposit, which are pledged to secure the loan for her business.
We conclude that the trial court did not abuse its discretion in reducing the husband's periodic alimony and life insurance obligations. The husband did voluntarily terminate his lucrative employment; however, he did so in good faith, and the wife has substantial assets and is still receiving a sizable amount of alimony for her support in addition to her earnings from her business. Therefore, we affirm the trial court's judgment modifying the periodic alimony and life insurance provisions of the original divorce judgment.
The appellant's request for an attorney fee is denied.
AFFIRMED.
THIGPEN, YATES, and MONROE, JJ., concur.
ROBERTSON, P.J., concurs in the result only.