I must respectfully dissent from this court's affirmance of the trial court's denial of the former husband's petition to terminate his obligation to pay alimony and life insurance premiums in the present case. I write to specifically explain my reason for dissenting on the alimony issue.
 "An obligation to pay alimony may be modified only upon a showing of a material change in circumstances that has occurred since the trial court's previous judgment, and the burden is on the party seeking a modification to make this showing. Thus, the moving party must show a material change in the financial needs of the payee spouse and in the financial ability of the payor spouse to respond to those needs."
Glover v. Glover, 730 So.2d 218, 220 (Ala.Civ.App. 1998) (citation omitted).
 "[T]he purpose of periodic alimony is to support the former dependent spouse and enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage, until that spouse is self-supporting or maintaining a lifestyle or status similar *Page 462 
to the one enjoyed during the marriage."
O'Neal v. O'Neal, 678 So.2d 161, 164 (Ala.Civ.App. 1996). Although a trial court's judgment on a petition to modify alimony is presumed correct, this court can reverse a trial court's judgment if it is not supported by the evidence, is plainly and palpably wrong, and amounts to an abuse of discretion. Id.
I recognize that a trial court is not required to modify alimony because of a change in the circumstances of the parties.Kiefer v. Kiefer, 671 So.2d 710, 711 (Ala.Civ.App. 1995). However, the trial court should still consider the earning capacity of each spouse, the payee spouse's need for alimony, the payor spouse's ability to pay alimony, and each spouse's estate when determining whether termination of the periodic-alimony obligation is warranted. Kiefer, 671 So.2d at 711. My review of the present case convinces me that the trial court abused its discretion in failing to terminate the former husband's periodic-alimony obligation.
In my opinion, the $2,400 in periodic alimony the former wife receives annually is insignificant in providing support to her. In 2002, the former wife's taxable income was $87,573, and she had additional tax-exempt income of $2,870. In the five years before 2002, her taxable income was over $100,000 every year but 1999, in which it was $96,362.
The former wife is self-supporting and no longer needs support from the former husband; in fact, the parties have relatively equal incomes each month. In addition, after the divorce in the present case, both parties pursued independent careers that led them to increased wealth and a standard of living that exceeds the standard of living that the parties enjoyed while married. Therefore, I conclude that the trial court abused its discretion in denying the former husband's petition to terminate his alimony obligation. I must respectfully dissent.
MURDOCK, J., concurs.