On Remand from the Alabama Supreme Court
Having read and considered the opinion of our Supreme Court inEx parte Ederer, 900 So.2d 424 (Ala. 2004), we make the following return to remand as instructed in that opinion.
Our standard of review when reviewing an appeal from a judgment granting or denying a requested modification of alimony is well settled.
 "An obligation to pay alimony may be modified only upon a showing of a material change in circumstances that has occurred since the trial court's previous judgment, and the burden is on the party seeking a modification to make this showing. Thus, the moving party must show a material change in the financial needs of the payee spouse and in the financial ability of the payor spouse to respond to those needs."
Glover v. Glover, 730 So.2d 218, 220 (Ala.Civ.App. 1998) (citation omitted). A trial court is not, however, required to modify alimony because of a change in the circumstances of the parties. Kiefer v. Kiefer, 671 So.2d 710, 711 (Ala.Civ.App. 1995). When deciding whether to modify alimony, a trial court should also consider the earning capacity of each spouse, the payee spouse's need for alimony, the payor spouse's ability to pay alimony, and each spouse's estate. Kiefer, 671 So.2d at 711.
Although the wife demonstrated that she had significant monthly expenses and that she was having difficulty meeting those expenses each month, the trial court was free to consider that certain expenses borne by the wife were expenses of her adult children that she was not required to assume. In addition, the trial court could have determined, as the husband argued, that the wife's financial straits were caused or contributed to by her lack of money-management skills, including, for example, her decision to remain in the former marital home despite the expenses associated with it. In light of the requirement that, in the absence of specific findings by a trial court, we presume that a trial court made those findings necessary to support its judgment provided that those findings would be supported by the evidence presented, see Ex parte Bryowsky, 676 So.2d 1322, 1324
(Ala. 1996), and upon reconsideration, we have determined that the trial court's judgment denying the wife a modification of alimony should be affirmed.
AFFIRMED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., dissents, without writing. *Page 429