PITTMAN, Judge.
Steven M. Stanford (“the former husband”) appeals from a judgment modifying a judgment divorcing him from Kelly G. Stanford (“the former wife”).
The former husband and the former wife were divorced by a judgment entered on April 17, 2003. In that judgment, among other things, the former wife was awarded physical custody of the parties’ child, the former husband was ordered to pay child support in the amount of $607 per month, and the former husband was ordered to pay the former wife rehabilitative periodic alimony in the amount of $750 per month beginning in April 2003 and ending in April 2006. The divorce judgment also contained the following language: “Thereafter, the Court reserves the right to award periodic alimony.”
In June 2006, the former wife filed a motion to modify the divorce judgment, in which she alleged that a material change in circumstances had occurred; she sought an increase in child support and an award of periodic alimony to assist her in completing her undergraduate college education.
The trial court conducted an ore tenus proceeding on February 19, 2008. During that proceeding, the former wife testified that following the divorce she had attempted to find meaningful employment but that, possessing only a high-school diploma and no professional work experience at that time, she had been forced to accept a minimum-wage job at a discount store. She stated that she had continued to apply for numerous positions until she was hired by the Mobile County school system as a substitute teacher. The former wife testified that during 2003 and 2004 she had worked at both jobs — at various schools during the day and at the store at night and on the weekends — until she was able to afford to go back to college in the summer of 2004. The former wife testified that she had begun attending classes to earn 60 hours of college credit so that she could qualify to be hired by the school system as a teacher’s aide. In the fall of 2006, having taken enough classes to reach 60 hours, the former wife was hired by the school system as a teacher’s aide, earning *679 $11.23 per hour; unlike her substitute-teaching position, the new job included medical and retirement benefits. The former wife stated that, by the time of trial, she was working full-time with special-needs children in the Mobile County school system and earning $13.06 an hour.
The former wife testified that her monthly expenses averaged $1,900 per month. She stated that her monthly net salary from the school system was $1,096 and that that salary, even when combined with the monthly child-support payment of $607, did not suffice to pay all of her monthly bills. The former wife noted that since the rehabilitative alimony had ended in April 2006 she had been able to meet her monthly obligations only by using money from her student loans. The former wife asked the trial court to award her periodic alimony to allow her to complete her education without losing the house where she and the parties’ minor child had been living since the divorce. She stated that she expected to graduate in either the spring or the summer of 2010 with an undergraduate degree in education.
The former husband testified that he believed that the former wife should have been able to get a “decent” job during the three years that she received rehabilitative alimony. He insisted that he did not want to pay any more alimony to the former wife, although he stated that he was willing to continue to pay the $607 in monthly child support. The former husband also testified that he had made approximately $64,000 a year at the time of the divorce and that he had earned $61,800 the year immediately preceding the trial because his company had been purchased and salaries there had been reduced. The former husband requested that the trial court deny the former wife’s request for additional child support and alimony.
On February 21, 2008, the trial court entered a judgment modifying the divorce judgment. The trial court stated, in part:
“1. With respect to the remaining issue left for the Court, the Court ... does order the [former husband] to pay the [former wife] $300 per month as temporary periodic alimony until May 2010.
2. The Court does note that it is an extreme remedy for the Court to enlarge the temporary periodic alimony; however, in this case the Court does find that [the former wife] is working and going to school and is trying very hard to better herself which should benefit their child in the long run. The [former husband]’s assistance will help the [former wife] not have to go into as much debt to improve her life situation. This periodic alimony will be required so long as the [former wife] takes at least six credit hours per semester and shall begin February 2008 and end May 2010.”
The former husband filed this timely appeal and asserts that the trial court acted outside its discretion in ordering him to pay periodic alimony after the specified three years for paying rehabilitative alimony had ended. The former husband relies primarily on Banks v. Banks, 336 So.2d 1365 (Ala.Civ.App.1976), and its progeny to support his contention that the former wife’s failure to request a modification of her rehabilitative-alimony award before that award terminated is a permanent bar to an award of alimony in the future. We conclude that the former husband misapprehends the applicable rule of law.
Alabama law is well settled that when a trial court fails either to grant or to reserve the issue of periodic alimony in a divorce judgment, its power to grant periodic alimony in the future is lost. See Tibbetts v. Tibbetts, 762 So.2d 856, 858 *680 (Ala.Civ.App.1999). In addition, “ ‘[i]f a grant of periodic alimony expires according to its term or is terminated by an order of modification, without reservation by the court, it is not subject to revival or reinstatement.’ ” Tibbetts, 762 So.2d at 858 (quoting Gargis v. Gargis, 367 So.2d 476, 478 (Ala.Civ.App.1978)) (emphasis added). The cases cited by the former husband all concern judgments that contained awards of rehabilitative alimony and contained no language reserving the issue of future periodic alimony.
Recently, this court reversed a divorce judgment awarding rehabilitative alimony but failing to reserve the issue of future periodic alimony; we stated, in part:
“ ‘We have previously held that when the court awards rehabilitative alimony based on the earning ability of the parties, their probable future prospects, and the length of the marriage, it is reversible error for the court not to reserve the right to award periodic alimony in the future. See Robinson v. Robinson, 623 So.2d 300 (Ala.Civ.App.1993); Sammons v. Sammons, 598 So.2d 941 (Ala.Civ.App.1992).’ ”
Giardina v. Giardina, 987 So.2d 606, 620 (Ala.Civ.App.2008) (quoting Fowler v. Fowler, 773 So.2d 491, 495 (Ala.Civ.App.2000), overruled on other grounds by J.L. v. A.Y., 844 So.2d 1221 (Ala.Civ.App.2002)); see also McLendon v. McLendon, 420 So.2d 266, 268 (Ala.Civ.App.1982) (when divorce judgment reserved right to award periodic alimony, trial court retained jurisdiction to make such award at later date). Although the parties’ divorce judgment contains language establishing a rehabilitative-alimony obligation for only three years, it also expressly includes a reservation of the issue of periodic alimony. Because that judgment contained a reservation of the issue, we conclude that the trial court could properly entertain the former wife’s modification request. ■
The general rule “is that future periodic alimony awards may be modified upon showing a change in circumstances.” Gargis, 367 So.2d at 478; see also Dutton v. Dutton, 490 So.2d 1249, 1251 (Ala.Civ.App.1986). At trial, the former wife testified that after she had stopped receiving the rehabilitative-alimony award she had been unable to meet her monthly financial obligations. She asked the trial court to award her enough monthly periodic alimony to allow her to complete her undergraduate degree and become self-sufficient. We cannot say that the trial court erred in granting the former wife’s request.
The former husband also asserts that the trial court erred in entering the modification judgment because, he says, the trial court’s use of the word “temporary” intimates that the award of $300 in monthly periodic alimony is merely an “extension” of the former rehabilitative-alimony award that had already terminated in April 2006. We do not agree with the former husband that the trial court intended to improperly “extend” the previous award. During the trial in this matter, the trial court and the former husband’s attorney had a lengthy discussion concerning the applicability of Banks to this case. The trial court noted on the record that the reservation of the issue of future periodic alimony in the divorce judgment not only gave the court jurisdiction over the issue but also empowered the court to consider a change in circumstances and to award whatever amount might be shown to be appropriate based on the evidence adduced in a modification hearing. See Crenshaw v. Crenshaw, 816 So.2d 1046, 1047-1048 (Ala.Civ.App.2001) (noting that a judgment reserving periodic alimony is actually an immediate denial of alimony at time judgment is entered and stating that courts may prop- *681 eiiy reserve issue of alimony if facts indicate that future circumstances may entitle a party to such an award).
Alabama law is well settled that the modification of periodic alimony is a matter within the discretion of the trial court, and on appeal a trial court’s judgment on that matter is presumed correct. Posey v. Posey, 634 So.2d 571, 572 (Ala.Civ.App.1994). A trial court may modify an award of periodic alimony upon proof that a material change of circumstances has occurred since the last award was made. Kiefer v. Kiefer, 671 So.2d 710, 711 (Ala.Civ.App.1995). “The trial court may consider several factors, including the earning capacity of each spouse, the recipient’s needs and the payor’s ability to meet those needs, and the estate of each spouse.” Id.
At the time the parties were divorced, the former wife, unlike the former husband, had not been in the workforce and had no record of earnings, a fact that no doubt colored the trial court’s decision to grant three years of rehabilitative alimony and to reserve judgment on the issue of periodic alimony. Although the former husband’s income is marginally less than it was at the time of the divorce, it still exceeds $60,000 per year. In contrast, although the former wife now has a record of earnings, those earnings have yet to exceed $20,000 per year. Moreover, the former wife testified that she had incurred a debt of $30,000 in student loans and had been unable to meet her monthly financial obligations since the termination of the rehabilitative-alimony payments.
Although the former husband contends that the former wife has actually improved her financial position since the parties divorced, at trial the former wife itemized her monthly income and expenses and offered evidence tending to show a monthly shortfall of approximately $200. Based upon the record evidence, we conclude that the trial court could properly determine that the former wife had proven a change in circumstances entitling her to an award of monthly periodic alimony, irrespective of the court’s use of the word “temporary” in the judgment. See McLendon and Kiefer, supra; see also Wagner v. Wagner, 989 So.2d 572, 583 (Ala.Civ.App.2008). The trial court’s judgment is due to be affirmed.
AFFIRMED.
THOMPSON, P.J., and THOMAS, J., concur.
BRYAN, J., concurs in the result, without writing.
MOORE, J., dissents, with writing.