THOMAS, Judge.
 

 Frederick Brent Miller (“the former husband”) appeals from a judgment of the Montgomery Circuit Court holding him in contempt for failing to pay periodic alimony and modifying the amount of his periodic-alimony payments to Karen Tade Miller (“the former wife”). We reverse and remand.
 

 Facts and Procedural Background
 

 The parties were divorced in February 2000. The settlement agreement that was incorporated into the final judgment of divorce required the former husband to pay the former wife $1,500 per month in periodic alimony. The former husband paid alimony every month until June 2007, when the former husband lost his job. After he lost his job, the former husband sent the former wife letter by certified mail informing her of his job loss and stating that he could no longer pay her periodic alimony.
 

 In October 2007, the former wife petitioned the trial court to hold the former husband in contempt for failing to pay
 
 *264
 
 periodic alimony. The former husband answered the former -wife’s petition and petitioned the trial court to terminate his periodic-alimony obligation.
 

 In May 2008, after hearing ore tenus evidence, the trial court entered a judgment finding the former husband in contempt for failing to pay alimony, finding that he was $14,500 in arrears, and ordering him to pay that amount. The trial court found that, based on the former husband’s reduced income, there existed a material change in the former husband’s circumstances, and it lowered the former husband’s alimony obligation to $1,000 per month, retroactive to the date the former husband filed his petition. The trial court also awarded the former wife $1,500 in attorney’s fees.
 

 Issues
 

 The former husband raises two issues in his appeal: (1) whether the trial court erred in reducing, and not terminating, the former husband’s periodic-alimony payments and (2) whether the trial court erred in finding the former husband in contempt for failure to pay alimony and, therefore, erred in awarding an alimony arrearage and attorney’s fees.
 

 Standard of Review
 

 “A decision to modify an award of periodic alimony is within the sound discretion of the trial court.
 
 Bush v. Bush,
 
 784 So.2d 299, 800 (Ala.Civ.App.2000). The trial court’s judgment on this matter is presumed correct and will not be reversed unless it is unsupported by the evidence or is otherwise plainly and palpably wrong.
 
 Posey v. Posey,
 
 634 So.2d 571, 572 (Ala.Civ.App.1994). A periodic-alimony obligation may be modified only upon a showing of a material change of circumstances that has occurred since the last award was made.
 
 Kiefer v. Kiefer,
 
 671 So.2d 710, 711 (Ala.Civ.App.1995).”
 

 R.L.W. v. C.L.W.,
 
 872 So.2d 876, 877 (Ala.Civ.App.2003). “Even if a change of circumstances is shown, the trial court is not required to grant the modification.”
 
 Kiefer v. Kiefer,
 
 671 So.2d 710, 711 (Ala.Civ.App.1995) (citing
 
 Mullins v. Mullins,
 
 475 So.2d 578 (Ala.Civ.App.1985)).
 

 The determination of whether a party is in contempt of court rests entirely within the sound discretion of the trial court, and, “‘absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm.’ ”
 
 Gordon v. Gordon,
 
 804 So.2d 241, 243 (Ala.Civ.App.2001) (quoting
 
 Stack v. Stack,
 
 646 So.2d 51, 56 (Ala.Civ.App.1994)).
 

 Analysis
 

 The former husband argues that the trial court erred because, he says, it considered income other than his current income and, as a result, did not terminate his periodic-alimony payments.
 

 “ ‘Periodic alimony ... “is an allowance for the future support of the [recipient spouse] payable from the current earnings of the [paying spouse].”
 
 Hager v. Hager,
 
 293 Ala. [47,] 55, 299 So.2d [743,] 750 [ (1974) ].... Periodic alimony is modifiable based upon changes in the parties’ financial conditions or needs, such as an increase in the need of the recipient spouse, a decrease in the income of the paying spouse, or an increase in the income of the recipient spouse.
 
 See Tibbetts v. Tibbetts,
 
 762 So.2d 856, 858 (Ala.Civ.App.1999).’ ”
 

 Bray v. Bray,
 
 979 So.2d 798, 800-01 (Ala.Civ.App.2007) (quoting
 
 Daniel v. Daniel,
 
 841 So.2d 1246, 1250 (Ala.Civ.App.2002)). “ ‘An obligation to pay alimony may be modified only upon a showing of a material
 
 *265
 
 change in circumstances that has occurred since the trial court’s previous judgment, and the burden is on the party seeking a modification to make this showing.’ ”
 
 Ederer v. Ederer,
 
 900 So.2d 427, 428 (Ala.Civ.App.2004) (quoting
 
 Glover v. Glover,
 
 730 So.2d 218, 220 (Ala.Civ.App.1998)). In deciding whether to modify periodic alimony, “[t]he trial court may consider several factors, including the earning capacity of each spouse, the recipient’s needs and the pay- or’s ability to meet those needs, and the estate of each spouse.”
 
 Kiefer,
 
 671 So.2d at 711.
 

 At the time of the parties’ divorce, the former husband earned $80,000 working for John Deere. In 2004, he took early retirement from John Deere and started working for James River Corporation at a salary that was $15,000 to $20,000 less. At that time, the former husband started collecting $800 per month and the former wife started collecting $700 per month in retirement benefits from John Deere.
 
 [1]
 
 The former husband lost his job at James River in June 2007, and he stopped paying the former wife alimony at that time. At the time of the May 2008 hearing, the former husband had not yet found employment. The former husband stated that he had sought employment continuously between the time he had lost his employment and the date of the hearing. The former wife did not present any evidence to dispute the fact that the former husband had actively sought employment. The former husband stated that his current income is only the $800 per month he receives in retirement benefits. The former husband also stated that he had been using credit cards to meet his monthly expenses since he had lost his employment. The former husband remarried in 2001, and, at the time of the hearing, he had two children with his new wife. The former husband stated that his new -wife did not work outside the home.
 

 The former wife testified that at the time of the divorce she was employed full time and earned $2,157 per month. The former wife stated that she suffers from various health problems, including mitral valve prolapse, heart murmur, and mini strokes. The former wife’s health problems have caused her to reduce her employment status from full time to part time. Because of that change, her employment income has been reduced to $1,710 per month. The former wife stated that, in order to keep from depleting her savings, she had reduced her expenses since the former husband had stopped paying alimony, including forgoing home and automobile maintenance, gifts, restaurant meals, and other expenses.
 

 Periodic alimony is payable from the current earnings of the paying spouse.
 
 Bray v. Bray,
 
 979 So.2d at 800. The former husband argues that because his current earnings consist only of $800 in retirement income, the trial court erred in not terminating his alimony obligation. The former wife argues that the former husband’s ability to earn, not his actual earnings, determines his ability to pay alimony. This court has held that the “ability to earn, as opposed to actual earnings, is a proper factor to consider” in deciding an award of periodic alimony.
 
 Ebert v. Ebert,
 
 469 So.2d 615, 618 (Ala.Civ.App.1985).
 
 See Kiefer,
 
 671 So.2d at 711 (“[t]he trial court may consider several factors, including the earning capacity of each spouse .... ”). However, in this case, the trial court did not make any findings of fact concerning the former husband’s abili
 
 *266
 
 ty to pay. Instead, the trial court apparently found that the former husband had actual current income sufficient to pay alimony to the former wife.
 
 [2]
 
 Such a finding of fact is not supported by the evidence. The former wife did not present any evidence indicating that the former husband had any income other than $800 per month in retirement benefits. Therefore, the trial court did not have sufficient evidence on which to base its judgment finding that the former husband could pay his alimony obligation, and we reverse the trial court’s judgment on this issue.
 

 The former husband next argues that the trial court erred in finding that he was in contempt and in ordering him to pay $14,500 in alimony arrearage. Specifically, the former husband argues that the trial court could not have held him in contempt because, he says, he did not have the ability to pay. “[Wjhen a delinquent payor presents evidence of an inability to pay as a defense to a charge of contempt, the burden of proof falls upon the payee to show 'beyond a reasonable doubt’ that the payor can pay.”
 
 McMorrough v. McMorrough,
 
 930 So.2d 511, 514 (Ala.Civ.App.2005) (quoting
 
 Thomas v. Thomas,
 
 406 So.2d 939, 942 (Ala.Civ.App.1981)). The former husband presented evidence indicating that his only income was $800 per month in retirement benefits. This evidence was sufficient to shift the burden to the former wife to show beyond a reasonable doubt that the former husband could pay. For the same reasons the trial court did not have sufficient evidence to support its decision to modify rather than terminate alimony, it also had insufficient evidence before it showing beyond a reasonable doubt that the former husband could pay his past alimony obligation. Therefore, we hold that the trial court exceeded its discretion in holding the former husband in contempt for failure to pay periodic alimony, and we reverse the trial court’s judgment on this issue.
 

 Finally, the former husband argues that the trial court erred in awarding the former wife an attorney fee of $1,500 because, he argues, the attorney-fee award is predicated on the trial court’s holding him in contempt.
 

 “In all actions for divorce or for the recovery of alimony, maintenance or support in which a judgment of divorce has been issued or is pending and a contempt of court citation has been made by the court against either party, the court may, of its discretion, upon application therefor, award a reasonable sum as fees or compensation of the attorney or attorneys representing both parties.”
 

 Ala.Code 1975, § 30-2-54. Because we hold that the trial court erred in holding the former husband in contempt, there is nothing to support the trial court’s award to the former wife of an attorney’s fee.
 
 See Sosebee v. Sosebee,
 
 896 So.2d 557, 564 (Ala.Civ.App.2004) (“We agree that § 30-2-54 precludes the award of an attorney fee to the petitioner in a contempt action when the trial court fails to make a finding of contempt against the defending party.”). Therefore, we reverse the trial court on this issue.
 

 Conclusion
 

 The trial court did not have sufficient evidence before it from which it could conclude that the former husband is capable
 
 *267
 
 of paying the former wife periodic alimony. The trial court also did not have sufficient evidence before it to support its finding of contempt or to support its awards to the former wife of an alimony arrearage or an attorney’s fee. Therefore, we reverse the trial court’s judgment and remand the cause for the entry of an order consistent with this opinion. The former wife’s request for attorney’s fees on appeal is denied.
 

 REVERSED AND REMANDED.
 

 PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 THOMPSON, P.J., dissents, without writing.
 

 [1]
 

 . The former wife had been awarded a percentage of the former husband's retirement benefits in the divorce judgment.
 

 [2]
 

 . The trial court’s judgment included findings that "[the former husband] is paying his South Carolina expenses and supporting his new family somehow” and that "the Former Husband in this case simply cannot be destitute and maintain the lifestyle in South Carolina about which he testified at trial.”