MOORE, Judge,
concurring in part and concurring in the result.
I concur fully in the majority opinion insofar as it affirms the amount of monthly periodic alimony the trial court ordered Michael A. Alfred (“the husband”) to pay to Susan M. Alfred (“the wife”). Insofar as the majority opinion affirms the trial court’s decision to not reserve the right to award periodic alimony in the future, I concur in the result.
With regard to alimony, the divorce judgment in this case states:
“[The husband] is ordered to pay [the wife] the sum of $500.00 per month as alimony, with the first such payment due on or May 1, 2011, said payments to continue for sixty (60) months or until the [wife] re-marries or cohabits with a member of the opposite sex, whichever shall first occur.”
There is no indication that the trial court awarded rehabilitative alimony; instead, the trial court simply awarded periodic alimony limited to a period of 60 months. As I set forth in my special writings in Enzor v. Enzor, [Ms. 2100105, December 30, 2011] — So.3d -, - (Ala.Civ.App.2011) (Moore, J., concurring in part and dissenting in part), and Stanford v. Stanford, 34 So.3d 677 (Ala.Civ.App.2009) (Moore, J., dissenting), rehabilitative alimony is distinct from periodic alimony.
“[Rehabilitative alimony] is designed to provide temporary support for a dependent spouse until that spouse can become self-supporting through vocational rehabilitation or otherwise. [Periodic alimony] is designed to provide more long-term support for a dependent spouse who cannot otherwise achieve the economic level necessary to maintain the former marital lifestyle.”
Enzor v. Enzor, — So.3d at - (Moore, J., concurring in part and dissenting in part). Because, in this case, the trial court awarded the wife periodic alimony, there *792 was no need for the trial court to reserve the right to award the wife periodic alimony in the future.[4] I would therefore affirm the trial court’s judgment to the extent that it declined to reserve the right to award periodic alimony in the future on that basis. Accordingly, I concur in the result at to this issue.

. As I stated in my special writing in Enzor, - So.3d at - (Moore, J. concurring in part and dissenting in part), "the law recognizes a distinction between rehabilitative alimony and periodic alimony” and "our prior caselaw correctly decided that a trial court does not automatically reserve jurisdiction to award periodic alimony when ordering rehabilitative alimony.”