MURDOCK, Justice.
Randolph G. Wilson, Jr. ("the husband"), petitioned this Court for certiorari review of the decision of the Court of Civil Appeals affirming the Montgomery Circuit Court's judgment denying his motion to modify his alimony obligations. Wilson v. Wilson, 262 So.3d 1192 (Ala. Civ. App. 2016). We reverse and remand.
I. Proceedings Below
The husband and Teresa L. Wilson ("the wife") were divorced in April 2004. Among other things, the divorce judgment awarded the wife $1,250 per month in periodic alimony. In August 2013, the husband commenced an action in which he sought to modify his periodic-alimony obligation ("the first modification action"). The complaint in the first modification action alleged that the husband planned to retire approximately 10 days after the initiation of the action and that, as a result of his retirement, he would suffer a significant decrease in income.[1] The husband also alleged that the wife was now employed full-time and was capable of supporting herself without receiving periodic alimony.
During the course of the first modification action, the wife moved to have the husband held in contempt for the husband's alleged failure to comply with court orders regarding discovery. On March 5, 2014, the trial court entered a judgment in the first modification action granting the wife's motion to hold the husband in contempt and dismissing the husband's complaint. No appeal was taken.
In March 2015, the husband commenced the present action, again seeking to modify his alimony obligation. The husband alleged that he had suffered a material change in his income as a result of his retirement from the military and that the wife is now capable of supporting herself.[2]
The trial court conducted a hearing at which evidence was presented ore tenus. The wife argued that the husband would be limited in the presentation of evidence to events and circumstances occurring after the entry of the March 5, 2014, judgment in the first modification action. The *1204 husband argued that he could present evidence of the change in his financial circumstances since the entry of the divorce judgment in April 2004. The trial court agreed with the wife and allowed the husband to present evidence only as to changes in circumstances occurring after the entry of the March 5, 2014, judgment.
In November 2015, the trial court entered a judgment in which it determined that the husband had failed to meet his burden for obtaining a modification of alimony. The court denied the husband's claim and awarded the wife $5,000 for attorney fees and costs. The husband appealed.
On appeal, the Court of Civil Appeals affirmed the judgment. Wilson v. Wilson, 262 So.3d 1192 (Ala. Civ. App. 2016). The Court of Civil Appeals held that alimony is subject to modification based only on those changes in income and living expenses of the parties that have occurred since the "judgment" in the most recent action in which either party attempted to obtain a change in alimony, regardless of whether that action resulted in a change, and not on the cumulative difference between current income and expenses and the income and expenses that provided the basis for whatever "award" was last made or modified. Judge Moore and Judge Thomas declined to embrace this rationale. Instead, Judge Moore concurred in the rationale in part and concurred in the result in a writing in which he concluded that the husband's claim was barred by the doctrine of res judicata. Judge Thomas joined Judge Moore's special writing.
This Court granted certiorari review to consider whether a decision as to the modification of periodic alimony is to be based on changes in circumstances since (1) the date that alimony was awarded or last modified or (2) the date of the most recent judgment disposing of a claim for modification of periodic alimony, regardless of whether that judgment yielded any such modification.
II. Standard of Review
" ' "On certiorari review, this Court accords no presumption of correctness to the legal conclusions of the intermediate appellate court. ..." Ex parte Toyota Motor Corp., 684 So.2d 132, 135 (Ala. 1996).'
" Ex parte Helms, 873 So.2d 1139, 1143 (Ala. 2003). ' "[O]n appeal, the ruling on a question of law carries no presumption of correctness, and this Court's review is de novo." ' Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala. 1999) (quoting Ex parte Graham, 702 So.2d 1215, 1221 (Ala. 1997) )."
Ex parte C.L.C., 897 So.2d 234, 236-37 (Ala. 2004).
III. Analysis
An obligation to pay alimony may be modified based upon a material change in circumstances in the financial needs of the payee spouse and/or in the financial ability of the payor spouse to respond to those needs. See Ex parte Ederer, 900 So.2d 424, 426 (Ala. 2004) ; Glover v. Glover, 730 So.2d 218, 220 (Ala. Civ. App. 1998).
The issue in this case is what is the appropriate baseline for evaluating such changes. That is, must a party seeking a modification of periodic alimony show a material change since the last judgment or order addressing a claim for modification of such alimony, even if no such modification was granted in that judgment? Or is it enough to show a material change in the parties' circumstances since the last judgment or order in which periodic alimony actually was awarded or modified. The husband cites Ex parte Boley, 392 So.2d 840 (Ala. 1981), *1205 McInnish v. McInnish, 441 So.2d 960 (Ala. Civ. App. 1983), and Kiefer v. Kiefer, 671 So.2d 710, 711 (Ala. Civ. App. 1995), each of which addresses the standard for measuring modification of either alimony or child support by employing the same logic and rationale urged by the husband in the present case.
In contrast, the main opinion of the Court of Civil Appeals in the present case expressly rejects the rationale of Ex parte Boley and instead adopts the approach described in Taylor v. Taylor, 640 So.2d 971, 973 (Ala. Civ. App. 1994). Taylor stated simply that the party seeking modification of a periodic-alimony award must show "that a material change in the parties' circumstances has occurred since the trial court's last judgment or order." Id. at 973.
The husband's position is correct, both as a matter of equity and, based on a careful reading thereof, our precedents.
We begin by noting that Alabama cases have not made a clear distinction between the phrases "since the last judgment" and "since the last award." In point of fact, most prior decisions, despite employing one or the other of those phrases, do not in actuality address the intervening-judgment question but merely cite to or quote from cases that discuss the need to prove a material change in circumstances. This commonly is the case, because there has been no intervening judgment addressing a request for modification.[3]
As noted, the rationale embraced by this Court in Ex parte Boley is in fact the rationale urged by the husband.[4] The parties in Ex parte Boley were divorced in 1970, and the husband was ordered to pay child support. In 1978, the wife filed a petition requesting an increase in child support, which the trial court denied. In 1979, the wife again petitioned the court for an increase in child support. A different circuit judge found that there had been no material change in circumstances since the judgment had been entered on the 1978 petition, although there had been a material change in circumstances since the parties' divorce in 1970. The judge refused to consider any changes in circumstances prior to the 1978 judgment and denied the wife's request.
The Court of Civil Appeals reversed the judgment, rejecting the proposition that "a trial court in deciding a child support modification petition is limited to the period since the last decree, whether it be one denying the modification petition or one modifying a prior child support decree."
*1206 Rowe v. Boley, 392 So.2d 838, 840 (Ala. Civ. App. 1980), aff'd, Ex parte Boley, supra. The Court of Civil Appeals went on to state:
"[W]e think the rationale of the above cited cases [ Womble v. Womble, 56 Ala. App. 318, 321 So.2d 660 (1975), and Clarke v. Clarke, 47 Ala. App. 558, 258 So.2d 902 (1972) ] persuasively suggests that the period within which the changed circumstances must have occurred extends back to the decree awarding child support or to the last decree modifying child support. Otherwise, a situation could occur, as did occur in the instant case, where the request for modification was denied because there were insufficient changed circumstances during the short period since the last modification petition was denied, whereas if the court could have considered those circumstances that had occurred since the child support award was made, it is likely that a different result would have been reached. The welfare of the children cannot be properly served without consideration of the totality of circumstances since they last received an order for support. The primary consideration is the need of the children. If the needs of the children and the ability of the father to respond to those needs have materially changed since the last award fixing the amount of support, the trial court should be able to consider those changes in fashioning its decree. Therefore, we conclude that the trial court erred in not considering those circumstances that had materially changed since the 1970 child support award."
392 So.2d at 840 (emphasis added).
This Court affirmed the Court of Civil Appeals' judgment. We summarized the Court of Civil Appeals' decision with approval as follows:
"[I]n considering a modification of child support payments, a court should consider all changes in circumstances since the last decree awarding or actually modifying child support, rather than only those changes taking place since the last decree that considered the question of modification."
Ex parte Boley, 392 So.2d at 841 (emphasis added). This Court further stated:
"We recognize the general proposition that in a child support modification proceeding, the party seeking the modification has the burden of proving that there has been a material change in circumstances since the last decree. However, this Court has not heretofore addressed the precise issue here presented.
"Alabama courts have traditionally viewed with disfavor repetitive, harassing litigation over child support and custody. A former decree is conclusive of the interests of the child and the rights of the parents, so long as the status at the time of the decree remains without material change.
"....
"... While the party seeking to modify child support payments must show that there has been a material change in circumstances since the last decree awarding child support, a petition to modify untimely filed in the interim should not, as a matter of law, foreclose a trial judge from considering all factors and changes occurring since the amount of child support was last fixed. To hold otherwise would deprive the children of divorced fathers, in some instances, of additional child support that the father is able to pay and of which the children have need. We therefore affirm the judgment of the Court of Civil Appeals."
Ex parte Boley, 392 So.2d at 841-42 (emphasis added; citations omitted).
*1207 In McInnish, the Court of Civil Appeals applied the holding of Ex parte Boley to an order modifying alimony. McInnish held that the trial court did not err in considering evidence relating back to the original divorce proceeding, despite the existence of an order denying an intervening request for modification of alimony. See also Webb v. Webb, 780 So.2d 698 (Ala. Civ. App. 2000) (reversing a judgment modifying alimony, citing Taylor and the "last judgment" formulation, but nonetheless considering evidence of circumstances prior to the last judgment, in which both parties' requests to modify alimony were denied); cf. Brown v. Brown, 477 So.2d 454 (Ala. Civ. App. 1985) (holding that, as to modification of child custody, testimony that relates back to the last judgment that either awarded or modified custody should be allowed).
We conclude that the application to this case of the principle so well articulated by the Court of Civil Appeals in Rowe, embraced by this Court in Ex parte Boley, and applied by the Court of Civil Appeals in McInnish to the issue of alimony modification is dictated by principles of equity. We reject the conclusion of the Court of Civil Appeals in the present case that Taylor has the "better-reasoned approach." 262 So. 3d at 1199.
First, we note that the discussion of this issue in Taylor was dicta. Taylor did not involve an intervening judgment, and it did not actually address the question presented here (that is, the date from which the material change in circumstances is to be measured). Instead, Taylor merely cited Glenn v. Glenn, 626 So.2d 638, 639 (Ala. Civ. App. 1993), for the general rule that "[t]he burden is on the party seeking a modification of the periodic alimony award to show the trial court that a material change in the parties' circumstances has occurred since the trial court's last judgment or order." 640 So.2d at 973. Importantly, in both Taylor and Glenn, the last "judgment" was, in fact, the judgment that originally established alimony. Neither case addressed the effect of an intervening judgment denying a request for modification of alimony.[5] Moreover, Glenn referred to a lack of a material change in circumstances since the original judgment, stating: "[T]he husband had substantially the same earning capacity at the time of the hearing that he had at the time of the divorce" and "[t]he original judgment, regarding support obligations, remains conclusive so long as there is no material change in circumstances sufficient to modify those support obligations." 626 So.2d at 639. Thus, Glenn provides little, if any, support for the conclusion reached by the Court of Civil Appeals in this case.
The issue before us is not solely about attempts to reduce alimony payments. It is about fairness in adjusting payment obligations-both up and down-as necessary to reflect circumstances materially different from those upon which the challenged payment obligation was based. The rule adopted by the Court of Civil Appeals, if allowed to stand, could just as easily bar a *1208 wife's petition seeking an increase in her alimony on the ground that her expenses had increased, her income had declined, or her husband's income had increased.
It is helpful, as well, to keep in mind the purpose behind alimony. " 'The purpose of periodic alimony is to support the former dependent spouse and to enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage, until the spouse is self-supporting or maintaining a status similar to the one enjoyed during the marriage.' " Ex parte Foley, 864 So.2d 1094, 1097-98 (Ala. 2003) (quoting O'Neal v. O'Neal, 678 So.2d 161, 165 (Ala. Civ. App. 1996) (emphasis added)).[6] See also Hager v. Hager, 293 Ala. 47, 55, 299 So.2d 743, 750 (1974) (" '[P]eriodic alimony' is an allowance for the future support of the wife payable from the current earnings of the husband.")
It is a well settled principle of Alabama law that a trial court can "modify an original award of alimony or support on proof of changed circumstances of the parties." Parsons v. Parsons, 284 Ala. 105, 106, 222 So.2d 360, 361 (1969) ; Gambrell v. Gambrell, 268 Ala. 671, 672, 110 So.2d 248, 249 (1959) (to like effect); and TenEyck v. TenEyck, 885 So.2d 146, 152 (Ala. Civ. App. 2003) ("Periodic alimony is modifiable based upon changes in the parties' financial conditions or needs, such as an increase in the need of the recipient spouse, a decrease in the income of the paying spouse, or an increase in the income of the recipient spouse."). As a practical matter, it appears that the approach adopted by the Court of Civil Appeals in this case may, in some cases, be inconsistent with the purpose of alimony, result in unfairness, and lead to potentially different results for two identically situated parties based on the aggressiveness of their attorneys. The cumulative effect of several changes in income over a period of, say, 10 years could well constitute a material change in circumstances that would fairly warrant an adjustment, either up or down, in alimony. But, if a party, on the advice of his or her attorney, attempted instead to obtain relief at several "stops" along the way, only to be rebuffed on each occasion because the change since the last attempt was, by itself, deemed insufficient, he or she might never receive the relief or added income he or she needs and to which he or she would otherwise be entitled under the law. A recognition of this reality underlay this Court's decision in Ex parte Boley, as it did the Court of Civil Appeals' decision in McInnish.
To take another example, an alimony recipient could file a petition for modification three years after the divorce, alleging that the payee's income had declined by 20% over three years and that the payor's expenses and financial condition remained unchanged. The trial court might find the existence of the alleged facts but deny the request for modification. This same recipient might then file a second petition three years later, alleging that the payee's income had declined by another 20%. Under the approach adopted by the Court of Civil Appeals, the trial court hearing the second petition could consider only the second decline of 20%, which might again result in a refusal to modify. In such a case, each *1209 individual denial by the trial court might be sustainable on appeal, despite the fact that the cumulative effect would be that the payee's income would have declined 40% from the time of the original award. And yet, someone whose lawyer waits until the end of that same six-year period to assert the entire 40% decline in a single petition no doubt would be in a better position to obtain relief than someone whose lawyer attempted to help his or her client on a more proactive, but piecemeal, basis during the same six-year period. We see no justification for such an outcome.
In Rowe, the Court of Civil Appeals reasoned that "the request for modification was denied because there were insufficient changed circumstances during the short period since the last modification petition was denied, whereas if the court could have considered those circumstances that had occurred since the child support award was made, it is likely that a different result would have been reached." 392 So.2d at 840. Our holding today clarifies Alabama law and, in so doing, avoids the disparate and inequitable outcome described in Rowe. As this Court reasoned in Ex parte Boley, "a petition to modify untimely filed in the interim should not, as a matter of law, foreclose a trial judge from considering all factors and changes occurring since the amount of child support was last fixed." Ex parte Boley, 392 So.2d at 842.
IV. Conclusion
Based on the foregoing, we reverse the judgment of the Court of Civil Appeals and remand the case for further proceedings consistent with this opinion.
We also deny the wife's request for an award of attorney fees and expenses on appeal.
REVERSED AND REMANDED; REQUEST FOR AWARD OF ATTORNEY FEES AND EXPENSES DENIED.
Stuart, C.J., and Parker, Shaw, Main, Wise, Bryan, and Sellers, JJ., concur.
Murdock, J., concurs specially.
MURDOCK, Justice (concurring specially).
I note that Judge Moore and Judge Thomas concurred in the result reached by the Court of Civil Appeals in this case on the ground that, in their view, the husband's petition was barred by the doctrine of res judicata. It appears to me that, in an appropriate case (i.e., one in which the facts are not materially different than those in a prior case), res judicata may indeed be available as a defense. That issue, however, was not the basis for the trial court's judgment or for the judgment of the Court of Civil Appeals, and therefore it is not addressed by the main opinion here.

At the time of the divorce in 2004, the husband was serving in the Alabama Army National Guard. The husband retired in 2013 with an 80% disability rating as a result of a 1996 military helicopter crash.

It appears that, at the time of the parties' divorce in 2004, the wife was not employed full-time and that the husband's income materially exceeded that of the wife. As of the time of the final hearing in the present action in 2015, the husband was earning a gross monthly income of $4,430 from military retirement and $1,654 per month from disability pay, or a total gross income of $ 6,084 per month. As of 2014, the wife had moved to New Hampshire and was working as a medical technologist; her gross income in 2014 was $5,397 per month. At the time of the final hearing in the present action, the wife's gross income had increased to $6,839 per month for the first half of 2015 (including significant overtime pay), although the wife testified that she expected her annual income for 2015 to be similar to her annual income for 2014.

The Court of Civil Appeals' opinion lists six cases that cite or quote Kiefer for the proposition that a material change is measured from the last award that was made. 262 So. 3d at 1195-96. As the main opinion below also notes, however, "in all of those cases, the most recent judgments had awarded periodic alimony; in other words, there were no intervening judgments denying a requested modification of the periodic-alimony obligation." 262 So. 3d at 1196 (emphasis added).
The Court of Civil Appeals' opinion also cites a number of cases for the alternative proposition. 262 So. 3d at 1196. But those cases also did not involve an intervening judgment denying a modification of periodic alimony. Moreover, those cases did not contain any meaningful analysis of the question presented here. For example, Miller v. Miller, 47 So.3d 262 (Ala. Civ. App. 2009), actually contains both formulations-an indirect citation to Kiefer referring to changes " 'since the last award was made,' " 47 So.3d at 264 (quoting Kiefer, 671 So.2d at 711 ), and an indirect quotation from Glover v. Glover, 730 So.2d 218, 220 (Ala. Civ. App. 1998), referring to " 'a material change in circumstances that has occurred since the trial court's previous judgment.' " 47 So.3d at 264-65.

Ex parte Boley involved modification of child support, but its rationale applies equally to modification of alimony; McInnish applied the holding of Ex parte Boley to alimony.

Glenn did not involve an intervening judgment that had ruled on a petition to modify alimony. The parties were divorced in August 1990. In August 1991, the husband filed a petition to modify his payment obligations as to both alimony and child support. In December 1991, the trial court held the husband in contempt but did not rule on his petition to modify. In May 1992, the wife filed a petition for a rule nisi. The trial court granted the wife's petition and partially granted the husband's petition with respect to child support. The Glenn court did not address the question presented here. It denied the husband's petition to modify alimony in a judgment in which it concluded that the husband's financial situation was the result of obligations imposed by the original judgment and not of any material change in circumstances.

The granting of alimony is authorized by Ala. Code 1975, § 30-2-51(a), which provides:
"If either spouse has no separate estate or if it is insufficient for the maintenance of a spouse, the judge, upon granting a divorce, at his or her discretion, may order to a spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse's family. ..."